MARTIN ET AL vs. PATIN ET AL.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT FOR THE PARISH OF LAFAYETTE, THE JUDGE OF THE SIXTH PRESIDING.

It is only for plantations, inclosed and surrounded by other lands, so as to leave no way to the public road, that the right of passage, or of way, over the lands of others, is established by law.

The right of passage, over the land of others, is not given as a matter of convenience, but of necessity : So, where there is room to go round the lands of a neighbor, the right of passage will not be allowed to go through, and compel the latter to leave a lane.

This is an action, by sundry citizens, for the right of way, or passage, having farms in the Prairie Sorel, some distance from the wood, access to which is indispensable to them, for the purpose of getting timber. They allege, that two of their neighbors, (Ursin Patin and Narcisse Begnaud,) reside between them and the woods, and deny them the right of way, to pass over their lands. They pray that the defendants be required to allow them a direct and straight way through their land, with liberty to pass to and from said woods, and to bring timber for the use of their farms.

The defendants pleaded the general issue, and expressly deny that the plaintiffs have any claim to such right of way, without first indemnifying them, and paying for all the damages they may sustain, if the right of way is allowed.

The plaintiffs showed, by evidence, that some of them lived six miles from the woods, and have no fire-wood, or fencing, except as they get it from this wood. That they have been in the habit of bringing timber along a road nearly in

a direct line, for the use of their farms.   This road, ran in part between the lands of the two defendants, and the last spring, they (defendants,) interrupted this road, by connecting their fences, and cutting a ditch across, thus obstructing six or seven arpents in length.   Each of them had a separate fence, along this part of the road, before.; and it run on the property of both defendants, equally.   There is another road, higher up,  which the plaintiffs might travel to these woods, but it is longer ;  runs across some low grounds, and at some seasons of the year, it is impassable.   The principal witness for the plaintiffs, supposes one hundred dollars would cover all the damages which the defendants could sustain, by the road continuing to run where it had been, when shut up by them.

The district judge gave judgment requiring the defendants to remove the obstructions placed by them across the road, within thirty days, after the sum of fifty dollars was tendered to each of them, by the  sheriff, and to  give to  the plaintiffs, the right of way thereon.   The defendants appealed.

*Voorhies,* for the plaintiffs.   The plaintiffs claim a right of passage and of way, on the  estate of the defendants.   They have shown, by legal evidence, that this passage is absolutely necessary for them to  procure wood and  timber from the Prairie Sorel wood common, for the use and working of their farms, which are situated at a considerable distance. *Louisiana Code, arts.* 660, 670, 695, 698 and  702.

*Crow* and *Lewis,* for defendants.

*Morphy, J.,* delivered the opinion of the court.

This action is brought to obtain a right of passage and of way  over  the  estates  of the defendants.   The latter resist this pretension, on the ground  that the plaintiffs are not legally entitled to the exercise of any such right.

An examination of the testimony has brought us to the conclusion, that the defendants are justified, by law, in their resistance to the claim set up by plaintiffs.

The *Lousiana Code, art.* 695, provides that "the proprietor, whose estate *is inclosed, and who has no way to the public road,* may claim the right of passage, on the estate of his neighbors, for the cultivation of his estate; but he is bound to indemnify them, in proportion to the damage he may occasion."

*Article* 696 says, "the owner of the estate, *which is surrounded by other lands,* has no right to exact the right of passage, from which of his neighbors he chooses. The passage shall be generally taken on the side where the distance is the shortest, from the enclosed estate *to the public road.*"

The evidence shows, that the farms of plaintiffs, are not inclosed and surrounded by other lands, so as to have no way to the public road. It is only for lands so situated, that the right of passage is established by law. A road across the lands of the defendants, would appear to be for the plaintiffs, a matter more of convenience than of necessity. The distance from their farms, to the several tracts of wood-land, owned by them in the *Prairie Sorel,* would be shorter through defendants' land, than around it. One of the witnesses says, "that there is another road, which the plaintiffs might travel to the woods, but that it is longer, and runs across some low grounds, so that in the winter season it is sometimes impassable." Another witness, speaking of this route, says, "that about fifteen or twenty arpents longer, would take persons round the pond, which, in winter, makes the longer road impracticable;" hence, it clearly appears, that the way claimed by plaintiffs would be more commodious, but is not absolutely indispensable to them. However great may be the inconvenience or hardships, resulting to them, from the refusal of the defendants, to allow them a passage through their property, this court does not consider itself authorized to interfere. The right of passage should be restricted in its exercise, to those cases coming clearly within the purview of the law.

*It is only for plantations inclosed and surrounded by other lands, so as to leave no way to the public road, that the right of passage or of way, over the other lands, is established by law.*

*The right of passage over the land of others, is not given as a matter of convenience but of necessity. So, where there is room to go round the lands of a neighbor, the right passage will not be allowed to go thro' and compel the latter to leave a lane.*

WESTERN DIST.
September, 1840.

LESERNE AND
EDMONDSON
vs.
COOK.

It is, therefore, ordered, that the judgment of the district court be annulled, avoided and reversed, and that ours be for the defendants; the costs of both courts to be paid by plaintiffs and appellees. /