Plaintiff seeks a right of way and of passage from his land, being the East One-half of Northeast One-Quarter (E. 1/2 of N.E. 1/4), Section 7, Township 16 North, Range 14 West, in Caddo Parish, to the nearest public road, being the Reisor-Flournoy-Lucas Highway, and impleaded the owners of lands north; east, northeast and west of him. However, it is obvious from his position and the record that he primarily desires and seeks such right of way across the land of the defendant, Benton L. Herring, being the Southeast Quarter of Southeast Quarter (S.E. 1/4 of S.E. 1/4), Section 6, Township 16 *Page 812 
North, Range 14 West. This tract intervenes between plaintiff's land and the highway. Both tracts are improved, and largely, if not entirely, in a state of cultivation.
Plaintiff alleged that his land is enclosed by lands of others, is not located on a highway of any sort, and that he is entitled to have established in his favor a right of passage and of way over one or more tracts of land owned by the defendants, for the use and benefit of his land, by the shortest and most practical route to said highway; that said highway is the only road to which his property has or could have access.
He further alleged that since the year 1916, his agents and tenants and the authors in his title have used a road or passage way approximately 20 feet wide and 1,280 feet long, that led from the northwest corner of his land northerly through the land now owned by said Herring to said highway; that Herring, some four years prior to filing of this suit, constructed a pond in the southwest corner of his property which absorbed the southern end of said passage way, and in August, 1942, raised the embankment around said pond so high that vehicular travel thereover to the passage way became impossible.
Plaintiff finally alleges that the passage way which Herring obstructed by the building of the pond "is less injurious to both plaintiff and Herring and more serviceable or practical than any other passage way from his property to said Reisor-Flournoy-Lucas public road." He avers financial ability and willingness on his part to indemnify his neighbor or neighbors for all damages that may follow the establishment of said passage way.
Defendant, Herring, excepted to the petition as disclosing neither a right or a cause of action. The exceptions were referred to the merits and while not expressly overruled therein, the judgment rendered certainly carried with it such action.
All defendants answered, but, in view of the conclusion reached by us as regards the exception of no cause of action, we shall not burden this opinion with the substance of these answers.
There was judgment in plaintiff's favor and against Herring, granting a right of way and of passage over his land to follow the old road, which is called the "All Weather Road" from the Reisor-Flournoy-Lucas highway to the pond's embankment and then along the barrow pit to plaintiff's property. The suit as to all other defendants was dismissed. Herring's demand for damages as an incident to the granting of the right of way and of passage was rejected, and he was cast for all costs. This appeal is prosecuted by him.
The trial revolved around plaintiff's alleged right to procure a passage way over the Herring tract, to follow the old road from the highway to plaintiff's property.
[1] We are of the opinion that the exception of no cause of action, when considered upon the face of the petition only, is well founded. Since the exception was referred to the merits, the entire record, if there were doubt as to the proper disposition to make of the exception, may be considered in arriving at a correct decision thereon. Our study of the record removes any semblance of doubt, if any there was, that the exception is meritorious.
The right of a land owner whose estate is entirely enclosed by lands of his neighbor or neighbors to acquire a passage way to the nearest highway is vouchsafed by Article No. 699 of the Civil Code. As amended by Act No. 197 of 1916, this article, so far as applicable here, reads: "The owner whose estate is enclosed, and who has no way to a public road, * * * may claim the right of passage on the estate of his neighbor or neighbors to the nearest public road, * * * and shall have the right to construct a road, * * * according to circumstances and as the exigencies of the case may acquire [require], over the land of his neighbor or neighbors for the purpose of getting the products of his said enclosed land to such public road, * * * or for the cultivation of his estate, but he shall be bound to indemnify his neighbor or neighbors in proportion to the damage he may occasion."
[2, 3] The provisions of this article may only be availed of, as appears therefrom, when the enclosed owner has no way to a public road. Unless such owner finds himself in this predicament, of course, he has no right to invoke the aid of a court to adjudge to him a servitude of passage to a highway over intervening lands.
This article of the Code was studiously considered by the Supreme Court in the very early case of Martin et al. v. Patin et al., 16 La. 55, 57. It was shown in that case that the plaintiffs had a way to reach the woodland from which they desired to *Page 813 
get wood that was longer and less commodious than that sought over defendants' land, and the court rejected their demand, and in doing so said: "* * * hence, it clearly appears, that the way claimed by plaintiffs would be more commodious, but is not absolutely indispensable to them. However great may be the inconvenience or hardships, resulting to them, from the refusal of the defendants, to allow them a passage through their property, this court does not consider itself authorized to interfere. The right of passage should be restricted in its exercise, to those cases coming clearly within the purview of the law." This construction and application of the pertinent articles of the Civil Code have not since that decision been departed from by the courts of this state.
It will be observed that plaintiff herein does not allege that there is no road or passage way, other than that desired over the Herring land, of which he has the use. On the contrary, a fair deduction from the allegations of article 10 of his petition is that such a passage way does exist. It is clearly set forth in this article that the passage way sought over the Herring land is "more serviceable or practical than any other passage way from petitioner's property", to the highway. The use of the words "any other" clearly implies that there is another passage way but it is less serviceable or less practical than that desired across the Herring property. The testimony unquestionably establishes this to be true. The case of Martini et ux. v. Cowart et ux., 18 So.2d 849, recently decided by this court, to some extent, is in point.
After plaintiff was denied access to the previously used road over the Herring land, he and his tenants reached the highway firstly by going west and then north, contacting the highway some 300 feet west of the northwest corner of the Herring property. This route was soon abandoned and another thereafter adopted by them, which led northeasterly from the northeast corner of plaintiff's land to the highway at a point about 300 feet east of the northeast corner of the Herring land. It is true this road is not an improved one, nor nearly so good in many respects as the old one over the Herring property, and is somewhat longer than the old one, yet it is passable for vehicular traffic the year around. This is positively demonstrated from the fact that plaintiff's own tenants have used it almost continuously from August, 1942, when defendant raised his dam, to the trial of this case, and doubtless have since. This period covers all months of the year.
[4] In a case of this character the test is not whether the right of way sought is more serviceable, more convenient or more practical, than any other route available, but is whether it is absolutely necessary, all things considered, for the needs and uses of the enclosed estate. If the necessity does not exist the right to condemn likewise does not exist.
[5] It is true that plaintiff's use of the road that leads northeasterly from his property to the highway is by sufferance of the owners of the land across which the road goes, but it is a way to the highway, and so long as it is open to plaintiff's use he is not in a position legally to demand a servitude of passage to the highway across the lands of others. When, and if, he is denied the use of this route to the highway, he may then avail himself of the beneficient provisions of the law, which guarantee an enclosed land owner access to the nearest highway.
[6] The law of this state in no uncertain manner zealously guards and protects all citizens in the possession and enjoyment of their real estate. Ownership, full and complete, may be modified to any extent only in the manner and in the cases defined by law. The right of any land owner to force passage over his neighbor's land may only be exercised in cases of necessity. This right does not arise merely from inconvenience, nor is it determined by choice.
For the reasons herein given, the judgment appealed from is annulled, reversed and set aside, and there is now judgment in favor of the defendant, Benton L. Herring, and against the plaintiff, sustaining the exception of no cause of action and dismissing the suit at plaintiff's cost. *Page 814