Plaintiff alleges that he and his minor nephews and nieces are the owners in indivision of Lot 17 of Section 136, Township 9 North, Range 7 West, containing 96 acres, about 1 1/2 miles from the City of Natchitoches, Louisiana, and that he, plaintiff, owns an undivided two-thirds interest in the land and resides thereon with his family. He alleges that there are no roads or highways in that section other than the Jefferson Highway, which runs in an east and west direction, and that between his land and the highway and extending for miles in either direction, are lands owned by various persons, all of which are enclosed by fences, and that on the opposite side of his land is Lake Terre Noire, thus entirely enclosing and surrounding his land and that he is denied access to the public highway.
He alleges that he has three children of school age, but they are unable to reach the highway in order to attend school, and he is unable to obtain the services of a physician at his home because of his inability to reach the home.
He alleges that Clarence N. Watts owns a tract of land described as Lot 8 of the Subdivision of Section 81, Township 9 North, Range 7 West, which extends from the Jefferson Highway to his land and which is enclosed by a substantial fence, and that he has repeatedly tried to obtain a right of passage across defendant's land in vain. He alleges that under the law he is entitled to right of passage across said land and that he is willing and able to pay a reasonable consideration therefor and that this right of passage should be granted and located on the east side of the tract since it is the shortest most accessible and direct route to the highway and will be least injurious and inconvenient to the defendant and is the only logical and practical route that could be traveled in all weather.
The prayer of the petition is in accordance with the allegations.
For answer the defendant denies the substantial allegations of the petition but admits that he has refused to allow the plaintiff the right of passage across his land. He particularly denies that this is the shortest route to the highway and further answering he alleges that plaintiff has an outlet that he has been traveling for twenty-five or thirty years and that the only reason plaintiff has for crossing defendant's land is that it would be more convenient for him, and that the plaintiff can get to a road by traveling across his own property and has no right to cross defendant's lands.
On these issues the case went to trial. Plaintiff testified in line with his pleading. He has lived on the land all his life. It appears that up to about four years ago he had a better way to get out, but that way has now been fenced in and he has a worse way, which, according to the testimony, is impassable part of the way for vehicular traffic during the rainy season, but he has managed, after a fashion, to get out by leaving his car in the woods about a quarter of a mile from his house and about 500 feet from his property line.
When the plaintiff concluded his testimony, defendant filed an exception of no right of action, called by the district judge and both counsel, an exception of no cause and no right of action. After it was argued, plaintiff introduced the testimony of V.G. Hyams, a surveyor familiar with the properties, and closed his case. The district judge then sustained the exception and from this judgment plaintiff is appealing. *Page 20 
Plaintiff bases his claim on the provisions of Art. 699 of the Civil Code, as amended by Act No. 197 of 1916, which, so far as applicable here, reads as follows: "The owner whose estate is enclosed, and who has no way to a public road, * * * may claim the right of passage on the estate of his neighbor or neighbors to the nearest public road, * * * and shall have the right to construct a road, * * * according to circumstances and as the exigencies of the case may acquire (require) over the land of his neighbor or neighbors for the purpose of getting the products of his said enclosed land to such public road, * * * or for the cultivation of his estate, but he shall be bound to indemnify his neighbor or neighbors in proportion to the damage he may occasion."
The district judge based his judgment largely on the case of Robinson v. Herring, La. App., 20 So.2d 811, 813, decided by this court November 2, 1944, in which the Supreme Court refused writs February 19, 1945, from which he quotes the following paragraph: "It is true that plaintiff's use of the road that leads northeasterly from his property to the highway is by sufferance of the owners of the land across which the road goes, but it is a way to the highway, and so long as it is open to plaintiff's use he is not in a position legally to demand a servitude of passage to the highway across the lands of others. When, and if, he is denied the use of this route to the highway, he may then avail himself of the beneficent provisions of the law, which guarantee an enclosed land owner access to the nearest highway."
But in the same opinion, beginning at the bottom of column 1, page 813, we find the following: "It is true this road is not an improved one, nor nearly so good in many respects as the old one over the Herring property, and is somewhat longer than the old one, yet it is passable for vehicular traffic the year around."
From this it will be seen that the court found as a fact that the road Robinson had available to him was "passable for vehicular traffic the year around."
The evidence in the instant case discloses no such condition. On the contrary, it shows that the road is not passable for vehicular traffic in rainy weather. Plaintiff says he has to leave his car about a quarter of a mile from his home and 500 feet from his property line and walk to his home; that if a rain comes up at night he has to get up and take the car to high ground and leave it and walk back. Mr. Hyams says the road is not passable in wet weather.
[1] Plaintiff did not offer any evidence as to the value of the right of passage he seeks over defendant's land and defendant offered no evidence at all, and, while we believe that under the evidence offered by plaintiff, he has a right of action, we can render no judgment in his favor because if we should decide that he ought to have judgment, we could fix no sum to be paid by him for the right of passage he seeks.
For these reasons, the judgment of the lower court is reversed, the exception of no right of action is overruled and plaintiff's suit is dismissed as in case of nonsuit. Plaintiff-appellant to pay the costs of both courts.
On Application for Rehearing