The issues and the facts in this case are clearly stated in the opinion of this court, rendered February 4, 1946, reported in 25 So.2d 18. At new trial thereof, after remand to the lower court, testimony at length was adduced pertinent to the two issues tendered, to-wit:
Plaintiffs' right to a servitude of passage to the nearest highway over the land of defendant and if the servitude is adjudged to them, the amount which should be paid defendant therefor as damages.
The lower court held that plaintiffs had established the allegations of their petition and adjudged them entitled to a servitude of passage 12 feet wide across the east side of the lot of land owned by defendant, described in the petition, and fixed the damages at $200. Defendant appealed from judgment in keeping with the findings of the court. Answering the appeal, appellees ask that the award be reduced to $100.
In this court appellant strenuously challenges the correctness of the judgment awarding the right of passage over his land and alternatively contends that the award of damages therefor should be increased to $500.
Plaintiffs' land is of irregular shape. It is bounded on the north, east and west by Lake Terre Noire. Adjacent to it on the south and between it and the Jefferson Highway, lies Section 80, which in recent years has been subdivided into a dozen lots that front on the highway and run back northerly to plaintiffs' land. Lot 8 of said subdivision is owned by the defendant. It measures 6 chains east and west, and 31.60 chains north and south, having an area of practically 19 acres. Plaintiffs' residence and farm of 18 acres adjoin the north side of said Lot 8. The shortest and most direct way therefrom to the highway is over the lot of defendant, a distance of 695.2 yards.
The land of plaintiffs was formerly owned by the father of plaintiff, Ashton E. Bouis, from whom plaintiffs inherited same. He acquired the land in 1909 and lived thereon until his death. Ashton E. Bouis has lived thereon his entire life. There has never been a legally established road of any character from this tract to the highway. The members of the Bouis family from the beginning of their occupancy of the tract, reached the highway by traveling easterly across Section 81, and as this tract was developed westerly, fenced and improved, they reached the highway by adopting new routes in the face of progress; and, finally, they were forced, when weather conditions made it possible, to travel a circuituous trail from the westerly end of the tract to the highway. This trail leads over lands that are fenced and at times the gates are locked and vehicular traffic thereover prevented.
It is clearly shown that in wet weather the family car of plaintiffs has to be parked near the highway and its occupants, with whatever merchandise they have, are forced to travel on foot for approximately one-fourth of a mile to reach the Bouis land. To accomplish this they have to pass over defendant's land or lands of others also enclosed and climb two fences on the way. It is also shown that the family physician declined to agree to attend Mrs. Bouis at childbirth because of his inability to get to her home in his own car. It was necessary to rent and occupy a house on, the highway until this critical period *Page 785 
had passed in order to have the benefit of the physician's services.
Prior to defendant's acquisition of said Lot 8, his vendor had agreed with Mr. Bouis to grant him a right of passage thereover to the highway, for $100, of which amount $50 was paid in cash. The agreement was not reduced to writing, presumably because all of the price had not been paid. When the land was sold to defendant his vendor refunded to Mr. Bouis the $50 paid on the agreement and advised him that defendant would sell to him the right of passage over the land but this was not done.
Prior to the time Bouis reached the agreement with the former owner of the lot, his home was located near the western end of the Bouis tract, but after the agreement was made he began slowly to provide for the erection of the home he now occupies. It was completed subsequent to defendant's acquisition of the lot.
Appellant contends that Bouis moved his home to the new location to be in a better position to demand right of passage over his property. The above-related facts negative the correctness of this contention.
The law governing cases of this character is embodied in Article No. 699 of the Civil Code, which, with some deletions, reads as follows: "The owner whose estate is inclosed, and who has no way to a public road, * * * may claim the right of passage on the estate of his neighbor or neighbors to the nearest public road * * * and shall have the right to construct a road * * * according to circumstances and as the exigencies of the case may acquire (require) over the land of his neighbor or neighbors for the purpose of getting the products of his said inclosed land to such public road, * * * or for the cultivation of his estate, but he shall be bound to indemnify his neighbor or neighbors in proportion to the damage he may occasion."
We had occasion to apply this law to the facts in Robinson v. Herring, La. App., 20 So.2d 811, and held that as plaintiff therein had available to him a "way" to the nearest highway, passable the year around for vehicular traffic, he was not entitled to a right of passage over lands of defendant so long as this situation prevailed. Appellant cites and relies upon this case but the facts of the present case clearly differentiate it from the cited case and, therefore, the quoted article of the Civil Code affords him no relief.
[1] The right of passage from plaintiffs' estate across that of the defendant sought herein, is not only the most convenient route but, as before said, it is the most direct and the shortest to the nearest highway. Surely the facts of the case, as found by the lower court, above related, support and sustain plaintiffs' contentions.
The location of the right of passage as fixed by the lower court obviously will reduce to a minimum the damages defendant will sustain therefrom.
[2] The testimony bearing upon the measure of damages defendant will sustain from the granting of the servitude of passage over his property is conflicting. The amount fixed by the trial judge is twice as much as that for which defendant's vendor was willing to sell. This right at present time is more valuable than it was at that time. Approximately 6 of an acre is covered by the 12 foot passage. We perceive no good reason to disturb the conclusion of the trial judge on this. factual issue.
For the reasons herein assigned the judgment from which appealed is affirmed at the cost of appellant. *Page 786