241 So.2d 595 (1970)
William INABNET, Plaintiff-Appellant,
v.
Thelma Pike PIPES, David M. Pipes, George D. Pipes, Jr., and Robert T. Pipes, Defendants-Appellees.
No. 11507.
Court of Appeal of Louisiana, Second Circuit.
November 17, 1970.
Rehearing Denied December 11, 1970.
Doggett & De Launay, by William H. De Launay, Jr., Alexandria, for plaintiff-appellant.
C. T. Munholland, Monroe, for defendants-appellees.
*596 Before AYRES, BOLIN and PRICE, JJ.
En Banc. Rehearing Denied December 11, 1970.
BOLIN, Judge.
William Inabnet, individually and as agent of his sister and two brothers, filed suit asking to have an existing right-of-way over defendants' property changed to a more adequate and convenient right-of-way over the same property. Exceptions of no right and no cause of action were filed. The latter was sustained by the lower court and plaintiff appeals.
Since appellees have neither appealed nor answered the appeal the exception of no right of action is not before us. The sole remaining question is the correctness of the judgment sustaining defendants' exception of no cause of action.
The present action is based on one, or all, of the following articles of the Louisiana Civil Code:
Art. 699:
"The owner whose estate is enclosed, and who has no way to a public road, a railroad, a tramroad or a water course may claim the right of passage on the estate of his neighbor or neighbors to the nearest public road, railroad, tramroad or water course and shall have the right to construct a road, railroad or tramway according to circumstances and as the exigencies of the case may require, over the land of his neighbor or neighbors for the purpose of getting the products of his said enclosed land to such public road, railroad, tramroad or water course, or for the cultivation of his estate, but he shall be bound to indemnify his neighbor or neighbors in proportion to the damage he may occasion."
Art. 700:
"The owner of the estate, which is surrounded by other lands, has no right to exact the right of passage from which of his neighbors he chooses.
"The passage shall be generally taken on the side where the distance is the shortest from the inclosed estate to the public road.
"Nevertheless, it shall be fixed in the place the least injurious to the person on whose estate the passage is granted."
Art. 701:
"It is not always the owner of the land which affords the shortest passage who is obliged to suffer the right of passage; for if the estate, for which the right of passage is claimed, has become inclosed by means of sale, exchange or partition, the vendor, coparcener or other owner of the land reserved, and upon which the right of passage was before exercised, is bound to furnish the purchaser or owner of the land inclosed with a passage gratuitously, and even when it has not been sold or transferred with the rights of servitude."
Art. 702:
"A passage must be furnished to the owner of the land surrounded by other lands, not only for himself and workmen, but for his animals, carts, instruments of agriculture, and everything which may be necessary for the use and working of his land."
"When the place for the passage is once fixed, he to whom this servitude has been granted can not change it, but he who owes this servitude may change it from one place to another, in order that it may be less inconvenient to him, provided that it afford the same facility to the owner of the servitude."
It is alleged the Inabnets are owners of approximately 65 acres of land in Ouachita Parish, Louisiana, which land is bordered on the east and south by Bayou DeSiard and on all other sides by defendants' property. It is further alleged the land owned by plaintiff and that of defendants was previously *597 owned in indivision by W. B. Inabnet, Sr. and George D. Pipes; that in 1935 the land was partitioned in kind which resulted in the Inabnet property being enclosed, without access to a public road. From the date of partition in 1935 until 1945, Mr. Pipes provided a right-of-way to the Inabnets to the nearest public road, which is now Bon Aire Drive in the City of Monroe. This access road was cut off and an alternate route was provided for the Inabnet estate. This latter road required users to traverse several miles on highway 80, cross a dam in Bayou DeSiard and to continue on a dirt road some three miles across defendants' property to reach plaintiff's property. It is alleged that a roadway 700 feet in length and 60 feet wide across defendants' property would afford plaintiff ingress and egress to Bon Aire Drive. In the petition an offer of $1500 was tendered as compensation for this route.
Appellees urge the correctness of the lower court's judgment upholding the exception of no cause of action. They contend plaintiff-appellant, by his own allegation that the Inabnet property is bounded on the east and south by Bayou DeSiard has negated the allegation that the property is enclosed as required by Louisiana Civil Code Article 699, and thus has not stated a cause of action. We have been cited to no case or authority, and we have been unable to find any, in support of this contention. We are of the opinion the term "water course" was intended by the redactors of the code to mean a navigable stream or body of water by which ingress and egress might be effected.
Appellees also argue that since the Inabnets have been furnished, and have used, the present passage across defendants' property since 1945 they cannot now obtain a different route merely for convenience. For this latter proposition they cite three cases: Martin v. Patin (1840), 16 La. 55; Robinson v. Herring (La.App. 2 Cir. 1945), 20 So.2d 811 and Pittman v. Marshall (La. App. 2 Cir. 1958), 104 So.2d 230. In each of the cited cases plaintiff was denied the right to change an existing passageway to a shorter and more convenient one.
The principal allegations of plaintiff's original and supplemental petitions, upon which depends the answer to the question of whether a cause of action has been stated, are:

"14.
"Plaintiffs, as of this date, must use the above mentioned dirt road to enter on to their property. The above road is in such a condition that on rainy days it is virtually impossible to travel in an automobile."

"14A.
"The above mentioned road is in no way passable the year round for vehicular traffic. On numerous occasions, plaintiff, while trying to enter onto his property has become bogged down. This road is entirely under the control of the defendants, and plaintiff in no way has any control over said road. Plaintiffs again specifically allege that said road is not passable the year round for vehicular traffic."
In support of his appeal plaintiff relies heavily on the decision in Bouis v. Watts (La.App. 2 Cir. 1946), 25 So.2d 18; 29 So. 2d 783. In that case plaintiff was granted the right to locate a practical all-weather private road where it was shown the existing private road was impassable for vehicular traffic during certain seasons of the year. The court distinguished the earlier decision of Robinson v. Herring, supra, pointing out that the court there had specifically found that the existing passage was "passable for vehicular traffic the year around".
The case of Pittman v. Marshall, supra, may likewise be distinguished from Bouis in that the court found the impediments, *598 which were gates installed by defendant, did not render the road impassable.
We conclude the allegations of plaintiff's original and supplemental petitions state a cause of action under Louisiana Civil Code Article 699, et seq., and particularly under the holding in Bouis.
The judgment of the lower court is reversed, the exception of no cause of action is overruled and the case is remanded to the lower court for further action not inconsistent with the views expressed herein. Cost of this appeal is assessed against appellees, all other costs to await the final outcome of the case.