316 So.2d 134 (1975)
Donald COLLINS, Plaintiff-Appellee,
v.
Carson R. REED, Defendant-Appellant.
No. 5027.
Court of Appeal of Louisiana, Third Circuit.
June 24, 1975.
Rehearing Denied July 24, 1975.
Writ Refused September 25, 1975.
*135 Gahagan & Gahagan by Russell E. Gahagan, Natchitoches, for defendant-appellant.
*136 Gerard F. Thomas, Jr., Natchitoches, for plaintiff-appellee.
Before CULPEPPER, MILLER and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
This is a suit by the plaintiff to gain a right of passage over the defendant's land pursuant to LSA C.C. Art. 699. From a judgment in favor of the plaintiff, the defendant has appealed.
PlaintiffDonald Collins is the owner of a 250 acre tract of land located in Natchitoches Parish, Louisiana, and used exclusively for cattle raising purposes. Said tract (see following sketch which is our unscaled composite drawing from an aerial photograph introduced into evidence) is bounded on the north by the Red River; east by Bayou Pierre; south by the Texas and Pacific Railway Company's right-of-way; and west by St. Mary Bayou and property owned by the defendantDr. Carson R. Reed. A public road or highway neither borders nor passes through plaintiff's land, the nearest being Louisiana Highway 604 (otherwise known as the Campti Ferry Road), the most direct route to which is approximately one and one-half miles to the west of plaintiff's property line, across defendant's land.

*137 Plaintiff seeks a legal servitude of passage to Louisiana Highway 604, traversing defendant's property in the following manner. Defendant has an existing private road crossing his land (running for a distance almost parallel to the Texas & Pacific Railroad line) which connects with Louisiana Highway 604. This private road comes within 744 feet of the plaintiff's property line. Plaintiff proposed the construction of a "connecting" road from his property line to the existing private road, reconstructing the existing private roadway so as to make it an "all-weather" road, and maintenance of the entire roadway, all at his expense.
Defendant resisted the establishment of the servitude denying that plaintiff's land was entirely enclosed without access to a public road and alternatively sought $11,500.00 in damages, should the right of passage be granted.
After a trial on the merits plaintiff was granted a right of servitude of passage across defendant's land, following the proposed route. The court further ordered plaintiff to construct and maintain an "all-weather" road along the route established, such as to permit normal vehicular and farm marketing travel during all seasons of the year, at the entire expense of plaintiff. Defendant in turn was granted damages in the sum of $1,000.00.
Defendant has appealed seeking a reversal of the district court judgment and alternatively seeking an increase in the award for damages sustained.
Two issues are presented to us on appeal: (1) Is plaintiff entitled by law to a right of passage across defendant's land under LSA C.C. Art. 699? (2) If so, is the award of $1,000.00 for damages sufficient?
Civil Code Article 699 provides:
"Art. 699. Enclosed estate, right of passage to public road
Art. 699. The owner whose estate is enclosed, and who has no way to a public road, railroad, or a tramroad may claim the right of passage on the estate of his neighbor or neighbors to the nearest public road, railroad, or a tramroad and shall have the right to construct a road, railroad or tramroad according to circumstances and as the exigencies of the case may require, over the land of his neighbor or neighbors for the purpose of getting the products of his said enclosed land to such public road or railroad, tramroad or for the cultivation of his estate, but he shall be bound to indemnify his neighbor or neighbors in proportion to the damage he may occasion."
To determine the applicability of the foregoing Article the first question we must consider is whether plaintiff is the owner of an "enclosed estate". We conclude that he is.
No denial is made by the defendant that plaintiff has no access to a public road over his own land without crossing neighboring property. Defendant does, however, contend that there are existing "roads" or "passageways" which have been used by the plaintiff and his ancestors in title to gain access to the lands in question.
The record does reflect the existence of an unimproved passage by which one can leave plaintiff's land, traveling under a railroad bridge on Bayou Pierre, and then crossing adjacent property owned by Gahagen Land Company for some three miles in distance. The testimony shows, however, that vehicular-traffic-use of the so-called existing route is virtually impossible during certain seasons of the year (several months), because of rising water from the Red River and its tributaries. Accordingly, under the jurisprudence of this state plaintiff has a right to demand a passage since the existing one is impassable during certain seasons. Inabnet v. Pipes, 241 So.2d 595 (La.App. 2nd Cir. 1970).
*138 Defendant makes further reference to the possibility of plaintiff reaching the aforementioned public road via the use of the existing railroad right-of-way which abuts plaintiff's property and extends to the road in question. There is some testimony that the right-of-way, or at least a portion thereof, has been used in the past for driving cattle. The evidence, however, preponderates to the effect that such is not feasible from an economic standpoint, due to the terrain and underbrush, in addition to the safety factors involved.
In this same regard defendant also contends that since plaintiff's property abuts the Texas and Pacific Railroad right-of-way his estate is not enclosed as envisioned under Article 699. Although a cursory reading of the cited Article might lead one to this conclusion, we think such argument lacks merit. In our opinion the redactors of Article 699 (as is clearly indicated by a reading of said Article in context with the subsequent Articles of this section of the Code) intended by the language contained therein to mean a "public road, railroad, or tramroad" by which "ingress and egress might be effected"[1], i.e. a passage capable of carrying vehicular traffic[2]. Under some rare circumstances an adjacent railroad might be used as envisioned by the redactors but the facts of this case illustrate that the railroad herein provides no realistic avenue of access to plaintiff's property.
Defendant's next contention is that plaintiff's claim should be denied due to the fact that the right of passage sought over his land will in effect not give plaintiff a year-round, "all-weather" road without extensive work, which includes the building of a bridge across St. Mary Bayou. Assuming this to be a fact, we opine that such makes no difference insofar as plaintiff's right to claim passage over defendant's land. Civil Code Article 699 does not state that the owner of an estate which is enclosed must claim a year-round, "all-weather" passage on the estate of his neighbor or neighbors. It merely states he has a right to claim passage to the nearest public road, etc. and shall have the right to construct a road, etc. according to circumstances and as the exigencies of the case may require .... Plaintiff's expert witness, T. J. Stephens, a real estate broker and appraisor, testified that under the facts existing the only feasible accessibility to plaintiff's property is over defendant's land by use of the existing private road and a "connecting" road. Without question, this is the shortest route to a public road. As aforementioned, plaintiff has agreed to do the necessary construction, reconstruction, and yearly maintenance in order to make the right of passage sought an "all-weather" road. We further opine that the evidence preponderates to the effect that the passage is "fixed in the place the least injurious" to the defendant. See Civil Code Article 700[3].
Thus concluding that the trial judge was correct in granting plaintiff the proposed right of passage over defendant's land, we turn to the question of quantum. The trial judge has wide discretion in determining the amount of damages occasioned by the party on whose estate the right of passage is fixed. Under the facts existing herein, we cannot say that the award is an abuse of that discretion.
For the above and foregoing reasons the judgment of the trial court is affirmed. Costs of this appeal are assessed to defendant-appellant.
Affirmed.
*139 MILLER, J., dissents and assigns written reasons.
MILLER, Judge (dissenting).
I am unable to agree. Plaintiff purchased this property on March 20, 1973. He and his ancestors in title have had access to and egress from the property by another route. Granted the other route may need upgradingjust as the servitude here granted will need substantial construction and maintenance. The other route is not the shortest nor the most convenient, but these factors are not the basis for applying LSA-C.C. art. 699. Furthermore, 699 applies only when the estate is enclosed, and "has no way to a public road, railroad, or a tramroad . . . ." The article does not apply because plaintiff's property is bounded by a railroad. If plaintiff's situation warrants a remedy, that should be supplied by legislative action rather than by judicial fiat.
I respectfully dissent.
NOTES
[1] Inabnet v. Pipes, 241 So.2d 595 (La.App. 2nd Cir. 1970).
[2] The Work of the Louisiana Appellate Courts for the 1970-1971 termProperty, 32 La.L.Rev. 172, 182 (1972).
[3] Defendant did not propose an alternative route over his property "less inconvenient". See C.C. Art. 703.