376 So.2d 1287 (1979)
Levi ROBERSON, Plaintiff-Appellee,
v.
J. B. REESE, Defendant-Appellant.
No. 13932.
Court of Appeal of Louisiana, Second Circuit.
September 24, 1979.
*1288 Cook, Clark, Egan, Yancey & King by Frank M. Dodson, Shreveport, for defendant-appellant.
Barham, Adkins & Coleman by Ronald G. Coleman, Ruston, for plaintiff-appellee.
Before HALL, JONES and HEARD, JJ.
HALL, Judge.
Plaintiff, Levi Roberson, as the owner of an estate that has no access to a public road, filed suit pursuant to LSA-C.C. Arts. 689, et seq., to judicially establish a right of passage across the property of defendant, J. B. Reese, to the nearest public road. Plaintiff is the owner of a one and one-half acre tract of land located in the SE/4 of the SE/4 of Section 27, T 19 N, R 5 W, Lincoln Parish. Defendant is the owner of the NE/4 of the NE/4 of Section 34. The nearest public road is State Highway 151 which crosses the southeast corner of the NE/4 of the NE/4 of Section 34 and runs northeasterly through Sections 35 and 26. The location of the property, the public road, and other pertinent data is shown on the following schematic drawing:
*1289 
Defendant answered denying plaintiff's entitlement to a right of passage contending primarily that the shortest route from plaintiff's property, and other property in which plaintiff owns an undivided interest, to a public road is not across defendant's property but is due east along the section line between Sections 27 and 34 and Sections 26 and 35.
After trial the district court, in written reasons for judgment, found the shortest route from plaintiff's property to the public road was across defendant's property and fixed the right of passage along an existing dirt road, shown on the schematic drawing. After reargument the district court, selecting a route least injurious to the defendant, fixed the right of passage 20 feet in width along defendant's north property line and along the east line of Section 34 as shown on the schematic drawing.
Defendant appealed specifying the following errors:
"1. The Court erred in holding that the shortest route to the nearest public road lies across the land of the defendant.
"2. The Court erred in granting a right of passage to the lot described in plaintiff's *1290 deed of acquisition rather than to other land owned by the plaintiff.
"3. The Court erred in assessing one-half the costs of the suit to the defendant."
In the early 1940's defendant acquired the NE/4 of the NE/4 of Section 34. At the time defendant purchased the property plaintiff's father, Jim Roberson, owned the 40 acre tract lying immediately to the north of defendant's tract and was afforded access to Highway 151 by means of a narrow dirt road running southeasterly across defendant's property as shown on the schematic drawing. In 1956 plaintiff acquired from his father a one and one-half acre lot, shown on the drawing, on which plaintiff's home is located. Plaintiff's father subsequently died and the balance of the 40 acre tract was inherited by plaintiff and his two sisters. Plaintiff farms this tract in which he owns an undivided one-third interest.
Plaintiff used the dirt road for access to Highway 151 until sometime in 1977 when disputes arose between plaintiff and defendant concerning gates across the road, refusal by the defendant to allow improvements to the road, and the like, which made continued use of the road by plaintiff impractical. This suit followed.
Defendant-appellant's first contention is that the shortest route from plaintiff's one and one-half acre lot to Highway 151 is not across defendant's property but is due east along the section lines, a distance of 1,410.4 feet. Defendant points out that the distance along the old meandering dirt road is 1,561 feet and the distance along the right of way established by the trial court's judgment is approximately 1,706.9 feet. The answer to this contention is that the distance, on a straight line, from the corner of plaintiff's property to the highway is only 1,260.83 feet. The distance from plaintiff's home to the highway, on a straight line, as calculated by plaintiff's surveyor is only 1,363.9 feet. Thus, the shortest distance from plaintiff's property to the highway is across defendant's property.
Civil Code Article 692 provides that the passage generally shall be taken along the shortest route from the enclosed estate to the public road at the location least injurious to the intervening lands.
As noted by A. N. Yiannopoulos in 23 Loy.L.Rev. 367:
". . . the courts first locate the right of way on the estate that offers the shortest route to the public road and then consider the least injurious place within that estate."
In a dissenting opinion in Patin v. Richard, 291 So.2d 879 at 886 (La.App.3d Cir. 1974), Judge Domengeaux commented:
". . . The articles clearly reflect that it is to be fixed upon the estate over which the distance is shortest to the public road. It is then that the question of the least injurious place comes into consideration."
The district court correctly found in its initial determination that the shortest route from plaintiff's property to the public road is across defendant's property. It was proper to determine the distance across defendant's property to the public road along the shortest available route, a straight line, rather than the distance along the meandering dirt road or the right of way along the property lines which was established as part of the second determination, that is, the route least injurious to defendant's land. This is particularly true since the distance on a due east course with which defendant would compare the distance across his land is measured on a straight line, even though there was evidence that houses located on Highway 151 might interfere with passage in a due east direction. Further, as the trial court noted, "defendant's acquiescense in the use of the dirt road across his property for a period exceeding 30 years implies a recognition that this was the `shortest route from the enclosed estate to the public road at the location least injurious to the intervening lands.'" See Collins v. Reed, 316 So.2d 134 (La.App.3d Cir. 1975), writ refused 319 So.2d 444 (1975); and Smith v. Chandler, 251 So.2d 417 (La.App.1st Cir. 1971).
It should be noted that plaintiff did not appeal and does not complain of the location *1291 of the right of passage as established by the district court along the section lines.
Defendant-appellant's second contention is that the shortest route to the public road should be measured from the tract that plaintiff owns in indivision with his sisters rather than from the lot owned by the plaintiff in full ownership. Defendant points out that the plaintiff farms the undivided tract himself and that as an owner of an undivided interest in possession the plaintiff may occupy and use the entire property, even to the exclusion of his sisters, citing McVay v. McVay, 318 So.2d 660 (La.App.3d Cir. 1975).
Defendant argues that if the shortest route is measured from the tract owned in indivision, the shortest route to the highway is due east across land of others a distance of 769 feet as compared to the distance of 1,085.5 feet due south across his land and, therefore, plaintiff is not entitled to a right of passage across his land. Alternatively, defendant argues that even if a right of passage is granted across his land it is not necessary to provide the 20 foot strip across his north line since plaintiff has access across the tract owned in indivision to the section corner; and that the right of passage should be limited to the 20 foot strip from the section corner down the east section line to the road.
A predial servitude, including the right of passage, is a charge on a servient "estate" for the benefit of a dominant "estate." The two "estates" must belong to different owners. LSA-C.C. Art. 646. The tract plaintiff owns in full ownership is a separate estate from the tract in which he owns an undivided one-third interest. The origin of plaintiff's title and the extent of his title is separate and distinct.
The code articles recognize that separate estates exist where one tract is owned in full ownership and another neighboring tract is owned in indivision. Comment (f) under Article 646 states:
"(f) The second paragraph of Article 646 is an application of the maxim nemini res sua servit (no one has a right of servitude in his own property). The maxim refers to situations in which two estates belong in their entirety to the same owner. Thus, the coowner of an estate owned in indivision may have a right of servitude on an estate of which he is the sole owner; and, conversely, the sole owner of an estate may have a right of servitude on an estate in which he has an undivided interest."
LSA-C.C. Art. 765 provides that a predial servitude is extinguished by confusion when the dominant and the servient estates are acquired "in their entirety" by the same person. Comment (b) under Article 765 refers to an illustration contained in former Article 805(2) that if the owner of one estate acquires only a part of the other estate or in indivision with another person, confusion does not take place.
Just as the two tracts must be considered as two separate estates for purposes of determining whether one might be subject to a servitude in favor of the other, the two tracts must be considered as separate estates for the purpose of determining the relationship of those estates with other estates.
This suit is brought by the owner of the one and one-half acre estate against the owner of the neighboring Reese estate. The right of passage must be determined based on the relationship of those two estates to each other. It would not be consistent to determine the shortest route to a public road by measurement from the boundary of a separate and different estate.
The plaintiff owner's right to use and cross the estate in which he owns an undivided interest could be considered in determining whether he has access to a public road. If there were a public road fronting the estate in which he owns an undivided interest, then it might be that plaintiff could not meet the Article 689 requirement that his estate have no access to a public road. However, the tract owned in indivision here does not front on a public road and plaintiff's right to cross it does not give him access to a public road.
To follow defendant's contention that the land east of the tract owned in indivision *1292 should bear the burden of the servitude would be to impose on that land a charge in favor of the one and one-half acre tract that it does not owe.
We also reject defendant's alternative argument that the right of passage should only run to the section corner and not across the north end of his property. First of all, the trial court departed from the shortest route across defendant's property and located the right of passage along the section lines for the convenience and benefit of the defendant's estate. The section corner is involved only because of location to cause the least injury to defendant, and this location should not then be used as a basis for further limiting the rights of the owner of the dominant estate. Secondly, to judicially establish a right of passage in favor of an estate which does not reach the dominant estate or a passage running in favor of the estate, as distinguished from a personal right of the owner unrelated to his ownership of the dominant estate, the efficacy of which could be destroyed by changes in ownership of the one and one-half acre tract or the tract owned in indivision, is inconsistent with the scheme of the code articles. LSA-C.C. Art. 695 provides that the owner of an enclosed estate has no right to the relocation of the servitude after it is fixed. Also, to allow changing ownership to affect the servitude is contrary to Article 650 which provides that a "predial servitude is inseparable from the dominant estate and passes with it." Comment (c) under Article 650 states that "Changes in the ownership of the two estates are immaterial." Here, if the right of passage was limited and located as contended by defendant and if plaintiff sold the one and one-half acre tract or his undivided interest in the other tract the location fixed would not provide access from the one and one-half acre tract to the public road.
Summarizing:
(1) The trial court correctly concluded that the shortest route from the enclosed one and one-half acre estate owned by plaintiff to a public road is across the estate owned by defendant;
(2) The one and one-half acre estate owned by plaintiff is a separate estate from the adjoining 38½ acre estate owned by plaintiff in indivision with others. Consequently, the shortest route to a public road is to be measured from the one and one-half acre estate, not the adjoining 38½ acre estate;
(3) The location of the right of passage should be such as will provide access to a public road to the owner of the enclosed one and one-half acre estate, regardless of changes in ownership of the one and one-half acre and 38½ acre estates; and
(4) The judgment of the trial court establishing the right of passage from plaintiff's one and one-half acre estate across defendant's estate to the public road along a route least injurious to defendant's estate is correct.
On the issue of court costs, the apportionment of one-half to plaintiff and one-half to defendant was entirely within the sound discretion of the trial court and was equitable. LSA-C.C.P. Art. 1920.
The judgment of the district court is affirmed. Costs of the appeal are assessed to the defendant-appellant.
Affirmed.