LOLLEY, J.
|]C & J Frye Properties, LLC, Carlton Frye, and Jan T. Frye (the “Fryes”) appeal a judgment by the Twenty-Sixth Judicial District Court, Parish of Webster, State of Louisiana, in , favor of Alvah E. Corley and Cathy Corley (the “Corleys”). For the following reasons, we affirm the trial court’s judgment.
Facts
This is a right of passage lawsuit. The Corleys own two tracts of land: a tract where they live (the “Corley Home”), and á tract east of the Corley Home consisting of 54 acres (“The 54”). These two tracts of land are not contiguous, and The 54 does not border a public roadway — it is land-locked. The Corley Home and The 54 are separated by two tracts of land: (1) a tract owned by Carol Ann Sims Tabor, Hallie Sims and Gilbert Sims (the “Sims-Tabor Tract”); and, (2) a tract owned by Carlton and Jan Frye (the “Frye Tract”), 110 acres which is immediately adjacent and east of the Corley Home. The Corley Home and the Frye Tract share a boundary which is approximately 564 feet long. *441 The Frye Tract is not contiguous to The 54. A survey showing the precise tracts in question (and which was introduced into evidence at trial) is made an addendum to this opinion.
' Historically, The 54 has been accessed by a gravel road that runs from the public roadway, crossing east through the Corley Home, over the boundary onto the Frye Tract, and continuing east to a pipeline servitude. At that point, the gravel road turns south along the pipeline servitude, traveling through the Frye Tract and the Sims-Tabor Tract until it reaches 12The 54. The roadway along the pipeline servitude was reserved to the landowners when that servitude was originally granted.
The impetus of this litigation was the placement of a locked -gate by Carlton Frye , on the boundary between the Corley Home and the Frye Tract, blocking the gravel road. As a result, the Corleys were unable to access The 54 by crossing the Frye Tract as they had been doing for many years. The owners of the Sims-Tabor Tract have given permission to the Corleys to cross that property, but no improved roadway exists.
The Corleys filed suit against the Fryes seeking: (1) a preliminary writ of injunction prohibiting the Fryes from taking any action to deny the Corleys’ access across the Frye Tract; (2) a judgment declaring The 54 to be an “enclosed estate” as defined by La. C.C. arts. 689-696; and, alternatively, (3) to find a servitude of passage in favor of the Corleys exists across the Fryes’ property as a result of 30 years’ acquisitive prescription.[1] After a trial of the matter, the trial court entered judgment in favor of the Corleys, determining The 54 to be an enclosed estate, granting them a right of passage across the Frye Tract, and ordering the Corleys to compensate thé Fryes $400.00 annually for the right of passage. The Fryes appeal that judgment.
IsDiscussion
. Standard of Review
The trial court’s factual findings are subject to reversal if the appellate court finds no reasonable factual basis exists for the findings of fact and determines the record establishes the trial court’s findings are manifestly erroneous or clearly wrong. Allerton v. Broussard, 2010-2071 (La.12/10/10), 50 So.3d 145, recon. denied, 2010-2071 (La.01/28/11), 56 So.3d 974; Stobart v. State, Through Dept. of Transp. & Dev., 617 So.2d 880. (La.1993). The appellate court does not determine whether the trier of fact was right or wrong. Rather, the issue to be resolved is whether the trier of fact’s conclusion was reasonable based on a review of the entire record. Stobart, supra. If the trier of fact’s findings are reasonable in light of the record reviewed in its entirety, then reversal is not warranted. Id. This is so even if the appellate court, sitting as the trier of fact, would have weighed the evidence differently. Id. Where there are two permissible views of the evidence, “the choice between them cannot be manifestly erroneous or clearly wrong.” Id. at 883.

Enclosed Estate

On appeal, the Fryes raise two related assignments of error. First, they.argue that the trial court erred in determining that The 54 is an enclosed estate as defined by La. C.C. arts. 689-696. According to the Fryes, The 54 is not an enclosed *442 estate, because the Corleys have permission to access through the Sims-Tabor Tract. The Fryes note that Gilbert Sims testified at trial that the Corleys have permission to traverse his property in order to reach The 54. The Fryes argue that an estate is not enclosed if the owners |4have access to a public road by means of permission of a neighbor. They maintain that Sims’ testimony precludes a finding that The 54 is enclosed, and the trial court’s finding to the contrary was in error. We disagree.
As explained by Professor Yiannopoulos: The legal servitude of passage under Article 689 is a limitation on the ownership of lands surrounding an enclosed estate. By virtue of that servitude, the owner of the servient estate is bound to provide to the owner of an enclosed estate a passage for indemnity. The passage, however, must be fixed. That is, the area over which the right of way will be located is to be designated by agreement of the parties or by judicial decision. The area over which the right of way is located, as fixed by agreement or by judicial decision, is a part of the servient estate burdened by a conventional servitude of passage. The burden of the forced passage is the legal servitude, and the fixing of the passageway creates a conventional servitude of right of way. (Citations omitted).
A.N. Yiannopoulos, The Legal Servitude of Passage, 71 Tul. L.Rev. 1, 4-5 (1996).
An estate is “enclosed” if it has no access to a public road. La. C.C. art. 689. An estate will be considered enclosed where its access is insufficient, as well as when there is no access. Rockholt v. Keaty, 256 La. 629, 687-38, 237 So.2d 663, 666 (1970). Professor Yiannopoulos also noted:
The Civil Code contemplates a passage that is suitable for access to a public road by vehicular traffic in all seasons. Accordingly, an estate is enclosed if it has access to a public road through a passageway suitable for pedestrians only, or through a road that is unsuitable for vehicular traffic during certain seasons. (Citations omitted).
71 Tul. L.Rev. at 12 (1996).
In Watson v. Scott, 324 So.2d 508, 510 (La.App. 2d Cir.1975), this court determined that roads leading to the plaintiffs property were either no longer passable, or impassable during inclement weather, rendering the plaintiffs property an enclosed estate. In Morgan v. Culpepper, 324 So.2d 598, 605 (La.App. 2d Cir.1975), writs denied, 326 So.2d 377, 378 (La.1976), this court found the plaintiffs property was enclosed because the roads which the defendants alleged provided access to public roads were in low-lying areas and impassable part of the year due to flooding from a nearby bayou.
Here, passage to The 54 through the Frye Tract has historically been provided through agreement of the parties; thus, while the access existed to The 54, although land-locked, it was not an enclosed estate. However, when the Fryes withdrew their permission for the Corleys’ passage over the Frye tract, there was no more agreement. While the Corleys might exercise access to The 54 across the Sims-Tabor Tract with the Sims’ permission, the evidence presented at trial indicates that this passage is not sufficient access-portions of that access are subject to being inundated with water. The trial court noted:
[T]he cutover from the Sims’ property is not an actual road, not developed as a road, and although sufficient to cross at least most times of the year there is a sufficient issue of drainage. It suffices as a natural drain to the south. In wet *443 season can certainly cause problems as access in and out of the property.
These findings by the trial court were reasonable and within its discretion. Thus, passage over the Sims-Tabor Tract to The 54 was insufficient, and Frye’s action in blocking Corley from traversing the Frye Tract rendered The' 54 enclosed. The trial court’s finding that The 54 is an enclosed estate | fiwas not in error.

Location of Right of Passage .

In their second assignment of error, the Fryes maintain that the trial court erred in its finding that the Corleys were entitled to a right of passage over the Frye Tract. The Fryes argue that passage over the Frye Tract is not the shortest route to the public road as mandated by La. C.C. art. 692, which governs location of the right of passage.
The owner of an enclosed estate may not demand a right of passage at the location of his choice, but rather, the right of passage “generally shall be taken along the shortest route from the enclosed estate to the public road at the location least injurious to the intervening lands.” La. C.C. art. 692 (emphasis added). Thus, as recognized by the legislature in its use of the word “generally,” there are situations that allow the right of passage to be imposed on an estate that does not provide the shortest route. Cash Point Plantation Equestrian Ctr., Inc. v. Shelton, 40,647 (La.App.2d Cir.01/25/06), 920 So.2d 974, 977. The circumstances of each case will determine the location of the servitude. Dickerson v. Coon, 46,423 (La.App.2d Cir.08/10/11), 71 So.3d 1135, 1139. Upon determining which estate will be burdened with the right of passage, courts usually engage in a balancing test to determine where on the servient estate the right of passage should be located. Davis v. Culpepper, 34,736 (La.App.2d Cir.07/11/01), 794 So.2d 68, 73, writ denied, 2001-2573 (La.12/14/01), 804 So.2d 646, citing Mitcham v. Birdsong, 573 So.2d 1294 (La.App. 2d Cir.1991); Roberson v. Reese, 376 So.2d 1287 (La.App. 2d Cir.1979).
Departure from the general rule requiring location of the right of |7passage along the shortest route “must be supported by weighty considerations.” A.N. Yiannopou-los, 4 La. Civ. Law Treatise, Predial Servi-tudes § 97, (3d Ed.2004). Professor Yian-nopoulos summarizes the jurisprudence on this issue as follows:
In principle, courts will fix the right of way along the shortest route. Courts are not bound to follow the shortest route, but departure from this standard must be supported by weighty considerations.
The court may grant a longer and more circuitous right of way than that desired by the owner of the enclosed estate in order to minimize -any damage to the servient estate, for example, in order to avoid traversing walls or other constructions. Further, the court may grant a longer and less direct right of way than one offered by the owner of the servient estate if the shorter and more direct route involves excessive construction costs or is otherwise impracticable.
Id. (footnotes omitted).
In Pittman v. Marshall, 104 So.2d 230 (La.App. 2d Cir.1958), the deféndant argued that the shortest' route between the plaintiffs enclosed estate and the public road did not lie oh his property. Although that claim may have been technically correct, the Pittman court determined that:
Defendant’s contention that plaintiff has a more direct and shorter way over [another] property to the south to the George Road is immaterial and constitutes a matter of no importance under the facts in the instant case. When *444 defendant came into court, unreservedly and without 'qualification, in answer and in oral testimony, and, in ■ effect, tendered to plaintiff a right of passage over his land as had existed over the-years, he thereby conceded, inferentially at least, if not expressly, that plaintiff is entitled to a right of passage over his land to the Old Shreveport-Dixie Highway. Moreover, the existence of the right of way in its present location for so many years is a strong corrobative circumstance supporting the testimony that the location is one which may be used during all seasons of the year, in contrast to which the testimony shows that the suggested way over the [other] property is through low lands and over drainage ditches and could only bé considered as a dry weather road. ' [T]he rule is laid down to the effect that in the exercise of the right of passage the road should be located |sin a place where it would be least injurious to the person in whose estate the passage is granted, but at the same time proper regard should be given to the interests of the parties claiming the right of way.
Id. at 233.
In Bouser v. Morgan, 520 So.2d 937 (La.App. 3d Cir.1987), the court granted a right of passage over an existing roadway traversing the defendants’ property, although the defendants contended that the trial court should, have fixed the passage along the route offered by them, i.e., along the neighbor’s property, being the shortest and least injurious route. Notably, the route suggested by the Bouser defendants was across low and marshy property which was inundated several months out of the year. The Bouser court concluded that La. C.C. art. 692 does not require in every instance, regardless of the circumstances present, the shortest route be selected from the enclosed estate to the public road. Id. at 940.
In Robinson v. Herring, 20 So.2d 811 (La.App. 2d Cir.1944), the court determined that the defendant properly denied use of an existing roadway that had been used by the plaintiff to access the public road. However, in Robinson, there existed another road the plaintiff could use to access the public road, although the trial court noted that “this road is not an improved one, nor nearly so good in many respects as the old one over the [defendant’s] property, and is somewhat longer than the old one, yet is passable for vehicular traffic the year around.” Id. at 813. Notably, in Robinson the decisive factor was that the alternate road was passable for traffic all year.
In this case, the trial court was faced with peculiar facts. The Corleys’ two tracts of land were separated from each other, with the Corley 19Home. fronting a public road. Thus, access to the Corley Home by The 54 is equivalent to The 54 having access to a public road. In effect, without explicitly stating so, the trial court granted a right of passage not directly to the public road, but to the Corley Home-property which was on the public road. In order to “unenclose” The 54, the trial court was faced with the issue of getting access from it to the. Corley Home, but did not have a “blank slate” of virgin property in which to determine the right of passage. In fact, two existing passage ways already were in place, with the Corleys having permission to traverse a small section on the Sims-Tabor Tract in order to reach the Frye Tract. Faced with two potential avenues of passage, the trial court weighed the merits of each.
While the passage through the Sims-Tabor Tract might be more favorable to the Fryes, the reeord' supports the trial court’s finding that the Corleys proved the “weighty considerations” necessary to *445 place the servitude of passage on another estate. Here, in granting the Corleys a right of passage over the Frye Tract, the trial court noted:
[T]he passage over the Frye property is, in fact, an old road, although not maintained up to the standard of a public road, it -is an old gravel based road — The law is clear that although shortest is presumed to be the best it is not locked in any case and the facts of each case determine what is most appropriate. The fact that, that road is a gravel based road ... I find that the right of passage is more appropriate across the Frye property....
Here, the trial court did not strictly apply article 692 by choosing the “shortest route from the enclosed estate to the public road.” Instead, exercising the leeway provided in the article by the term “generally,” the trial court considered the facts in total, and determined that an already existing passage was the least injurious. A sufficient gravel road exists, |inwhich all the parties at trial agreed-to. Although not the shortest route as mandated by La. C.C. art. 692, the trial court had discretion in determining the best location for the right of passage. The testimony at trial was clear that the gravel road through the Frye Tract was the most suitable for reaching The 64' throughout the year. As already discussed, the suggested alternate route through the Sims-Tabor Tract is not always conducive to passage and the existing and historic passage way is an already-improved way. See Robinson, supra. Furthermore, the' passage through the Sims-Tabor Tract is only negligibly shorter. Considering the'facts of this case, we do not believe the trial court erred in deviating from the shortest route requirement of La. C.C. art. 692, and there was no error in fixing the right of passage on the existing gravel road on the Frye Tract.-
Conclusion
For the foregoing reasons, the judgment of the trial court in favor of Alvah E. Corley and Cathy Corley is affirmed. All costs of the appeal are assessed to C & J Frye Properties, LLC, Carlton Frye, and Jan T. Frye.
AFFIRMED.
CARAWAY, J., dissents with written reasons.

. At the conclusion of the trial, the trial court informed the parties that it was only considering the issue of whethér The 54 was an enclosed estate. The trial court did not consider the alternative theory of law advanced by the Corleys, i.e., that a servitude of passage existed as a result of 30 years’ acquisitive prescription.