324 So.2d 598 (1975)
Allen D. MORGAN, Plaintiff-Appellant,
v.
Vadna Burkett CULPEPPER et al., Defendants-Appellees.
No. 12763.
Court of Appeal of Louisiana, Second Circuit.
December 9, 1975.
Rehearing Denied January 6, 1976.
Writs Refused February 13, 1976.
*600 Hamilton & Sermons by Joel M. Sermons, Shreveport, for plaintiff-appellant.
Bethard & Davis by Henry W. Bethard, III, Coushatta, for defendants-appellees.
Before PRICE, HALL and HEARD, JJ.
En Banc. Rehearing Denied January 6, 1976.
HEARD, Judge.
This appeal involves the efforts of plaintiff, Morgan, to obtain a servitude of passage across the land owned by defendants, Culpepper and Thomas, and leased by the other defendants, on the ground that plaintiff's property is enclosed and has no access to a public road. Plaintiff claimed a right of passage was owed him under any one of several theories: (1) a gratuitous servitude under Louisiana Civil Code Article 701; (2) a servitude imposed by law under Civil Code Articles 699 and 700; (3) the road on defendants' property was a public road under Louisiana Revised Statutes 48:491, et seq., and (4) a right of passage under R.S. 48:731 et seq.
The trial court in written reasons for judgment found adversely to plaintiff under all of his theories that a right of passage was owed him. Plaintiff appealed from the adverse judgment of the trial court.
Plaintiff is the owner of a certain tract of rural land in Bienville Parish which borders on property owned by defendants, Thomas and Culpepper. Plaintiff had leased this property of defendants for over 20 years until November of 1974, at which time the property was leased to the other *601 defendants in this suit. During the period of his lease, plaintiff constructed a road running from his land through the property of defendants to Louisiana Highway 154 to provide a means of access to his property. Following the termination of plaintiff's lease, personal differences between the parties caused defendants to refuse to allow plaintiff to use the road across defendants' property to get to his own property.
Plaintiff filed suit praying that the district court enjoin defendants from interfering with plaintiff's use of the road on their property pending the decision of the court in another suit in which the question of whether this particular road was a public road was at issue. If the decision in that suit were that the road was not a public road, then plaintiff prayed defendants be enjoined to allow plaintiff "to follow the orderly processes of the law as outlined in Louisiana Revised Statutes 48:491 et seq., and 48:731 et seq." in establishing his right to use the road. The district court granted a temporary restraining order as prayed for and issued a rule ordering defendants to show cause why a preliminary injunction should not issue.
Defendants filed a motion to dissolve the temporary restraining order in which they alleged that plaintiff's property was not enclosed and that the road on their property was not a public road. They also prayed for damages and attorney's fees for the wrongfully issued restraining order.
Thereafter, plaintiff filed a "First Supplemental and Amending Petition" which alleged that plaintiff had a right to a gratuitous servitude under C.C. Art. 701 or, alternatively, that plaintiff "claims the right of a conventional servitude of passage as authorized by, but not limited to, Articles 699 and 700."
Defendants filed a peremptory exception of no cause of action and then answered alleging plaintiff's property was not enclosed because he had access to Highway 4 by two roads running south from his property.
Following hearing on the rule on January 30, 1975, the rule for preliminary injunction was made absolute pending the decision of the court on the merits. By agreement of the parties, the hearing on the rule also constituted trial on the merits. Prior to judgment on the merits, defendants filed a peremptory exception of ten and thirty years prescription to plaintiff's claim for a gratuitous servitude under C.C. Art. 701.
The trial court handed down written reasons for judgment on February 28, 1975, which indicated that the trial court was recalling the preliminary injunction because it issued wrongfully. The trial court reasoned that injunctive power is available to protect the possession of a "real right." Plaintiff constructed the road while he held the property under lease and when his lease expired, his right to use the road also terminated. Since plaintiff's right to use the road was not a "real right", the injunction was wrongfully issued and defendants were entitled to damages and attorney fees under C.C.P. Article 3608. The court found that no damage had been done to defendants by plaintiff's use of the road and awarded attorney fees to the defendant/owners of $125 and to the defendant/lessees of $250.
The court then considered plaintiff's claim to use the road under R.S. 48:731, et seq.; R.S. 48:491 et seq.; C.C. Arts. 699 and 700; and C.C. Art. 701.
Concerning plaintiff's claim under R.S. 48:731 et seq., the trial court found that this statute had been declared unconstitutional in Brown v. Terry, 103 So.2d 541 (La.App.1st Cir. 1958), and that plaintiff could not claim a right of passage under this former provision of our law.
Concerning plaintiff's claim under R.S. 48:491 et seq., the trial court found that plaintiff had not proved by a preponderance *602 of the evidence that the road had been maintained by the parish for a period of three years so as to make it a public road.
Concerning plaintiff's claim under C.C. Art. 701, the trial court found that plaintiff had not proved by a preponderance of the evidence that a gratuitous servitude was ever owed to plaintiff's property. Assuming that the gratuitous servitude of passage was once owed to plaintiff's property, the trial court found plaintiff's right to claim the servitude was lost by ten years liberative prescription.
Concerning plaintiff's claim under C.C. Art. 699 and 700, the trial court sustained defendants' exception of no cause of action on the ground that plaintiff did not allege in his petition that he was willing to compensate the defendants for a servitude of passage; that the passage sought by him was the shortest from the enclosed estate to a public road; that the passage should be fixed at a place least injurious to defendants.
Following the filing of written "Reasons for Judgment on the Merits" on February 28, a judgment was read and signed on March 10, 1975. The judgment recalled and set aside the preliminary injunction and assessed $125 and $250 as damages for attorney fees for the owners and the lessees, respectively. The judgment also sustained defendants' peremptory exception of no cause of action and dismissed plaintiff's suit at his cost.
The issues on appeal are: (1) were the temporary restraining order and preliminary injunction wrongfully issued entitling defendants to damages; (2) is plaintiff entitled to a gratuitous servitude of passage over the land of defendants under C.C. Art. 701; and (3) did plaintiff state a cause of action for a legal servitude under C.C. Arts. 699 and 700?
The first issue concerns the correctness of injunctive relief in this particular situation. Plaintiff asked for the injunction assuming that he was protecting his "real right" of passage over the land of defendants. It is readily apparent that plaintiff had not established any "real right" of passage because he did not prove that there was any agreement between the parties concerning his right of passage, nor did he prove that the right of passage had been judicially determined. In Ezernack v. Ezernack, 18 La.App. 56, 137 So. 626 (2d Cir. 1931), plaintiff sought an injunction enjoining the defendant from interfering with his use of a road on defendant's property which plaintiff had used for some 20 years prior to the blocking of the road by defendant. In denying plaintiff's right to an injunction the court stated:
Plaintiff nowhere in his petition alleges that the location of this road or passage has been fixed by and between him and defendant; does not allege that there has ever been any express agreement by and between them regarding the passageway or the right on the part of plaintiff to use it. Plaintiff evidently, from the allegations in his petition, relies upon an implied right to use the way by reason of the allegation that there existed the road or way, that he had been using it, therefore has the right to continue same unmolested.
In Baldwin Lbr. Co., Ltd. v. Todd, 124 La. 543, 50 So. 526, the court held, quoting syllabus by the court: "An injunction based on an implied right of passage is properly refused, where it does not appear that the alleged place and mode of passage has been fixed by consent of parties or a judgment of court."
The court held in that case that under Civ.Code, arts. 700-703, an implied right of way cannot be exercised until it is fixed by consent of parties or judgment of court.
In Wemple v. Eastham, 150 La. 247, 90 So. 637, the court held that: "Owners of an inclosed estate are not entitled to a right of passage unless the parties agree *603 upon its location, and upon the compensation to be first paid, or until location of the servitude and the compensation to be first paid shall have been fixed by a judicial decree, under Civ.Code, arts. 699, 700, 702."
We find the trial court's judgment recalling the perliminary injunction and assessing attorney fees as damages was correct.
The next issue concerns plaintiff's right to claim a gratuitous servitude under C.C. Article 701, which provides:
It is not always the owner of the land which affords the shortest passage who is obliged to suffer the right of passage; for if the estate, for which the right of passage is claimed, has become inclosed by means of sale, exchange or partition, the vendor, coparcener or other owner of the land reserved, and upon which the right of passage was before exercised, is bound to furnish the purchaser or owner of the land inclosed with a passage gratuitously, and even when it has not been sold or transferred with the rights of servitude.
Under this article, a gratuitous servitude is due to an enclosed estate only when the estate is enclosed at the time it is excised from the larger tract. We find plaintiff offered no proof establishing this fact. In fact, it appears from the evidence that when plaintiff's property was first sold from the larger tract in the late 1800's, the Rock Bridge Road (the main road between Shreveport and Ringgold) crossed plaintiff's property on its southern boundary, thereby giving plaintiff's property access to a public road. However, the use of Rock Bridge Road was abandoned many years ago.
Having failed to carry this burden of proof, plaintiff is not entitled to claim the gratuitous servitude under C.C. Art. 701. Accordingly, we need not consider defendants' peremptory exception of prescription of ten and thirty years to plaintiff's right to claim the servitude imposed by law under C.C. Art. 701, and express no opinion on the correctness of the trial court's sustaining defendants' exception of prescription.
The final issue concerns the correctness of the action of the trial court in sustaining defendants' exception of no cause of action to plaintiff's demand for a servitude under C.C. Arts. 699 and 700. The trial court in its written reasons for judgment handed down on February 28, indicated the deficiencies in plaintiff's original petition. On March 10 (the date of the signing of judgment), plaintiff filed a motion styled "Motion to Amend Pleadings after Judgment", in which he sought to cure the defects in his original petition. The trial court allowed the amendment and ordered it to relate back to the filing of the original petition.
The amended pleadings allege that plaintiff's land is enclosed and has no access to a public road; that the shortest route from plaintiff's property to a public road is over the property of defendants; that plaintiff wishes the servitude to be placed in such a manner as to be least injurious to defendants; and that plaintiff is willing to indemnify defendants for any damages occasioned by the servitude.
Defendants argue that the cases of Ezernack v. Ezernack, supra, and Martini v. Cowart, 18 So.2d 849 (La.App.2d Cir. 1944) hold that plaintiff must allege that he has offered to pay defendants for the damage occasioned by the servitude prior to filing suit in order to state a cause of action under C.C. Arts. 699 and 700.
We have read these cases and do not believe they stand for the proposition which defendants contend. These cases do hold that plaintiff must allege that he is willing to pay compensation for the damages occasioned by the servitude in order to state a cause of action under the civil code articles. While it is preferable that the parties *604 try to resolve their differences before resorting to the courts, it is not necessary as a matter of law that they do so.
We are presented with the anomalous situation of the trial court signing a judgment in which it sustains an exception of no cause of action and dismisses plaintiff's suit and then on the same day allowing the amendment of plaintiff's petition to correct the defects that formed the basis of the exception and subsequent dismissal of plaintiff's suit.
At any rate, Code of Civil Procedure Article 934 provides:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
In Succession of Guidry v. Bank of Terrebone & Trust Co., 193 So.2d 543 (La.App.1st Cir. 1966), the court held that where the defects in plaintiff's petition may be removed by amendment, the court must allow plaintiff the opportunity to cure the deficiencies before dismissing his suit. The court stated:
The provisions of LSA-C.C.P. Article 934 are unquestionably a codification of the prior jurisprudence and indeed extend the rule of the Reynolds case,. . . by mandatorily requiring that the trial court afford opportunity to amend when revision can cure or remove the grounds upon which the peremptory exception is founded. The applicable statute is couched in clear and unmistakable verbiage to the effect that the trial court shall allow amendment within a reasonable delay under such circumstances. We hold, therefore, that where the ground of the peremptory exception may be removed by amendment, no discretion is vested in the trial court to grant or deny time for amendment. In such instances the trial court must afford time for amendment. Such is the case in the matter at hand.
We find that plaintiff's amended petition stated a cause of action under C.C. Arts. 699 and 700, and therefore reverse the trial court's dismissal of plaintiff's suit. The trial court was bound by C.C.P. Art. 934 to allow plaintiff the opportunity to cure the defects in this petition before dismissing his suit.
The court below referred the exception of no cause of action to the trial on the merits. Having reversed the sustaining of the exception, we will now consider the merits of plaintiff's claim to a servitude under C.C. Arts. 699 and 700 to the extent possible on the record before us. The Civil Code articles provide:
Art. 699
The owner whose estate is enclosed, and who has no way to a public road, railroad, or a tramroad may claim the right of passage on the estate of his neighbor or neighbors to the nearest public road, railroad, or a tramroad and shall have the right to construct a road, railroad or tramroad according to circumstances and as the exigencies of the case may require, over the land of his neighbor or neighbors for the purpose of getting the products of his said enclosed land to such public road or railroad, tramroad or for the cultivation of his estate, but he shall be bound to indemnify his neighbor or neighbors in proportion to the damage he may occasion.
Art. 700. The owner of the estate, which is surrounded by other lands, has no right to exact the right of passage from which of his neighbors he chooses.
The passage shall be generally taken on the side where the distance is the shortest *605 from the inclosed estate to the public road.
Nevertheless, it shall be fixed in the place the least injurious to the person on whose estate the passage is granted.
Before a servitude is owed from one estate to another, it must be shown that the property seeking the servitude is enclosed and that the right of passage sought is "generally taken on the side where the distance is shortest from the inclosed estate to the public road."
The main factual issue at trial was whether plaintiff's property was enclosed. No less than 26 witnesses testified at trial concerning the means of access to plaintiff's property. Plaintiff's witnesses testified that the property did not have access to a public road, while defendants' witnesses testified with equal fervor that plaintiff had access to either Highway 4 or Highway 154 by any one of several roads.
This court has thoroughly examined the testimony and evidence in the record. Without going into each witness' testimony in detail in this opinion, we find that plaintiff's property is enclosed. The roads which defendants allege provide access to public roads are in low-lying areas and are impassable part of the year due to flooding from Loggy Bayou.
The second requirement for a legal servitude under the code articles is that the servitude Generally be taken where the distance is shortest to the public road. In Vermilion Parish School Board v. Broussard, 263 La. 1104, 270 So.2d 523 (1972), the supreme court, in considering a right of passage under C.C. Arts. 699 and 700, stated:
In Rockholt v. Keaty, 256 La. 629, 237 So.2d 663 (1970), we recognized the importance of this servitude for the benefit not only of the landowner by permitting full utility of his land but also of the public by keeping valuable property in commerce. More important to this case, we acknowledged in conformity with the Code articles that the nature of the passage was to be governed according to the circumstances and as the exigencies of the case might require, and that the right of passage was to be to the nearest public road.
Article 700 clearly provides that the owner of the landlocked estate cannot choose from which of his neighbors' estates he will exact a right of passage, but that it "shall be" where the distance is the shortest from the enclosed land to the public road. The mandatory language of that article is modified by the term "generally" as an acknowledgment of certain exceptions which, so far as the record shows, have no application to the case we consider.
The route through defendant's property is not the shortest distance to the public road. The shortest distance to Highway 154 is directly north of plaintiff's property, whereas the route over defendants' property lies northwest of plaintiff's property and is slightly longer than the other route. However, the land directly north of plaintiff's property is in a lowlying area and is impassable during part of the year due to flooding. This fact brings this case within the Supreme Court's "certain exceptions" to the general rule that the passage shall be taken on the side where the distance is shortest to the public road. We find that the shortest route to a public road which is passable at all times of the year lies over defendants' property.
Since we find both that plaintiff's property is enclosed and that the shortest route which is passable at all times of the year lies across defendants' property, plaintiff is entitled to a legal servitude of passage over defendants' property under the authority of C.C. Arts. 699 and 700.
However, we must remand the case to the district court to fix the servitude *606 of passage at a place least injurious to defendants (if that differs from the position of the road at present) and to assess the amount of compensation plaintiff owes defendants, Thomas and Culpepper, for the servitude across their property.
For the reasons assigned, the judgment of the trial court recalling and setting aside the preliminary injunction and casting plaintiff in judgment for attorney fees for defendants, Thomas and Culpepper, in the amount of $125 and for attorney fees for defendants, E. O. McCoy, Mark Allen McCoy, and Marlin Margene McCoy in the amount of $250 is affirmed.
The judgment of the trial court sustaining the exception of no cause of action is reversed, and the case is remanded to fix the location of the servitude on defendants' land and to calculate the compensation due from plaintiff to defendants, Thomas and Culpepper, for the servitude.
Costs of this proceeding shall await final determination of the case.