324 So.2d 508 (1975)
Eugene H. WATSON, Sr., Plaintiff-Appellant,
v.
Mrs. Ceola S. SCOTT et al., Defendants-Appellees.
No. 12772.
Court of Appeal of Louisiana, Second Circuit.
December 9, 1975.
Rehearing Denied January 6, 1976.
Writ Refused February 13, 1976.
*509 Holloway, Baker, Culpepper & Brunson, Jonesboro, Hal Henderson, Arcadia, Nelson & Achee, Ltd. by Roland J. Achee, Shreveport, for plaintiff-appellant.
Bethard & Davis by Henry W. Bethard, III, Coushatta, for defendants-appellees.
Before PRICE, HALL and HEARD, JJ.
En Banc. Rehearing Denied January 6, 1976.
HEARD, Judge.
Eugene H. Watson, Sr., purchased a 40-acre tract of land from defendants, which tract adjoined that of Allen D. Morgan, plaintiff in suit No. 12,763, Morgan v. Culpepper, decided this day by this court, 324 So.2d 598. Plaintiff petitioned the court for recognition of his entitlement to a right of passage against the same defendants and over essentially the same road as that involved in the Morgan suit. His claim, however, is predicated upon an alleged right of way which plaintiff contends was granted him by notarized instrument delivered to him by defendants on the same day as his deed to the 40 acres. Exception of no cause of action by defendants was overruled and the case went to trial on the merits. The lower court denied plaintiff's claim and ordered his suit dismissed at his cost. We reverse the judgment.
Although this case was decided and judgment was rendered prior to the lower court judgment in the Morgan case, the appeals were heard during the same day before this court and appeared on the calendar as consolidated cases. However, the cases are dissimilar in a number of respects, two of which should be mentioned in this preliminary account of the facts. In the instant case, Watson purchased his property from defendants by deed which was delivered to plaintiff on the same date as an instrument which purportedly granted a right of way across defendants' land. The second variance lies in plaintiff's allegation that defendants, as vendors of the subject property to petitioner, should be required to grant a right of way to petitioner, even if a written right of way agreement did not exist.
On appeal plaintiff contends: (1) there should be judgment granting him a fifty foot right of way across defendants' property under the right of way agreement signed by defendants, or (2) a right of passage under Louisiana Civil Code Articles 699-700. Alternatively, plaintiff asked that the case be remanded for the taking of additional evidence and, in the further alternative, that his right to file another suit be expressly reserved. *510 We consider first the effect of the purported right of way instrument which is reproduced as follows:
 Registry
 Number V-5931
State of Louisiana
Parish of Bienville
We the undersigned Mrs. Ceola S. Scott, Mrs. Delphie B. Thomas and Mrs. Vadna B. Culpepper, only heirs of W. H. Burkett deceased hereby dedicate right of way for road 50 feet wide from Gravel road north of House, South to Section line of Section seventeen (17), Twp. 15 N., R. 10 W., Bienville Parish, Louisiana.
 (S) Mrs. Ceola F. Scott
 Mrs. Ceola F. Scott
 (S) Mrs. Delphia B. Thomas
 Mrs. Delphia Thomas
 (S) Mrs. W. J. Culpepper
 Mrs. W. J. Culpepper
 
Sworn to before me the undersigned Notary Public, this the 4th. day of November 1972.
 (S) Lawrence W. Scott
 Notary Public
This instrument, standing alone, perhaps would not convey a right of way for a road to anyone, since neither the name of the person to whom the road is granted is mentioned, nor is there any stated consideration for the dedication. However, the instrument must be considered in the light of the circumstances surrounding its delivery to plaintiff.
By deed dated November 1, 1972, Vadna B. Culpepper, wife of W. J. Culpepper, and Mrs. Delphia B. Thomas, wife of D. P. Thomas, sold to the plaintiff, Eugene H. Watson, Sr., the following described property in Bienville Parish, Louisiana:
The Northeast Quarter of the Northwest Quarter, Section 16, Township 15 North, Range 10 West, Bienville Parish, Louisiana
Although the deed was executed on November 1, 1972, the transaction was not closed until November 4, 1972. On the day of the closing Lawrence W. Scott, the same notary who signed the deed, notarized the right of way instrument which has been reproduced above. The words and letters "Twp. 15 N., R. 10 W., Bienville Parish, Louisiana", were added by the clerk of court when the deed and right of way instrument were filed of record on June 14, 1973.
The evidence and testimony found in the record establish that plaintiff's property does not front on any public road but that access to plaintiff's property has been gained by means of the public road and the road across defendants' property and thence across Morgan's property, up to the time the present lessee of defendants' property placed a locked gate across the entrance from the public road.
There was testimony that all the roads which defendants asserted gave entry to plaintiff's property were no longer passable in bad weather and had fallen into disuse over the years prior to plaintiff's purchase. We find the evidence amply supports the conclusion, contrary to that of the trial judge, that plaintiff's property is "enclosed" property within the meaning of the civil code articles.
Watson testified that when he arrived at the bank for the closing of the sale he told defendants he would not pay the $8,000 cash consideration for the sale unless he was granted a right of way to the property. While defendants admit the right of way instrument was signed and delivered the same day the transaction was closed, they claim that Watson did not raise the issue of access until after the sale had been concluded. A portion of the map of the area, filed as P-3, was filed in evidence and a portion thereof reproduced in plaintiff's brief. It clearly indicates there *511 is a public road from defendants' property running to Louisiana Highway 154, north of plaintiff's property, and this road continues through defendants' property in the Southeast Quarter of Section 8, later turning to the east through the property of a Mrs. Owens, and then through the property of Allen D. Morgan [plaintiff in the case consolidated on appeal with the instant case].
While a right of way across defendants' land would not take plaintiff all the way to his property, it would enable him to reach the land of Morgan, who testified that he would grant plaintiff the right to cross his land if the latter was successful in obtaining the right of way over defendants' property. Thus, if plaintiff reaches the southeast terminal of the road over defendants' property he is assured of a right of passage over Morgan's property, which would allow him access to the northeast corner of his (plaintiff's) property.
Even if defendants intended, as they claim, that they would grant the right of way set forth in the instrument "only if plaintiff had no other way to his property", we find from the evidence that plaintiff has no other reasonable access to his property.
Before leaving this issue we note this court has considered prior use of a particular road as a strong corrobative circumstance that the road is one which can be used all year, since the road over the defendants' property has been used in the past by both Watson and Morgan. Quoting from the opinion in Pittman v. Marshall, 104 So.2d 230 (La.App.2d Cir. 1958):
. . . Moreover, the existence of the right of way in its present location for so many years is a strong corrobative circumstance supporting the testimony that the location is one which may be used during all seasons of the year, in contrast to which the testimony shows that the suggested way over the Withrow property is through low lands and over drainage ditches and could only be considered as a dry weather road. In Littlejohn v. Cox, 15 La.Ann. 67, the rule is laid down to the effect that in the exercise of the right of passage the road should be located in a place where it would be least injurious to the person in whose estate the passage is granted, but at the same time proper regard should be given to the interests of the parties claiming the right of way.
Although the purported dedication does not name a specific grantee, defendants clearly intended to convey to plaintiff a right to use the road across defendants' property. The ambiguities existing in the "dedication" instrument must be resolved against the maker who, in this instance, was Mr. Culpepper, husband of one of the vendors, who also prepared the deed of the property to Watson. See Louisiana Civil Code Articles 1949, 1955, 1958, 2474; also Edwards v. Terminix 57, Inc., 292 So.2d 851 (La.App.2d Cir. 1974).
We conclude this instrument creates in Watson, as vendee of an estate from vendors, the right to use the road which was in existence at the time plaintiff purchased the property from defendants. The intention of the plaintiff is clear, i.e., that he would not have purchased the enclosed forty acres, which is admittedly mostly swamp land and useful mainly for hunting, had he not been assured that upon payment of the $8,000 to defendants he would have a right of passage over the road he was accustomed to use to reach his property.
Having found plaintiff was entitled to right of passage under the instrument passed in connection with the deed, there is no need to discuss plaintiff's alternative claim under C.C. Arts. 699 and 700.
Finally, since the "dedication" does not indicate the exact location of the road and, taking cognizance of our decision handed down this day in Morgan v. Culpepper, *512 Number 12,763, La.App., 324 So.2d 598, we reverse the judgment of the trial court and remand the case for the purpose of fixing the location of the servitude across defendants' land in conjunction with fixing of the servitude granted Allen D. Morgan across the same land. Defendants are cast with all costs.