BOLIN, Judge.
We decided in prior opinions that plaintiffs (contiguous landowners) were entitled to servitudes of passage across defendants’ property. The eases were remanded to fix the location of these servitudes. See Watson v. Scott, 324 So.2d 508 (La.App. 2d Cir., 1975); Morgan v. Culpepper, 324 So.2d 598 (La.App. 2d Cir., 1975). On remand the cases were consolidated and judgments were rendered locating the servitudes, assessing the amount of land damage in the Morgan case, and assessing costs. Plaintiffs appeal and defendants file a motion to dismiss, contending the questions on appeal have become moot since plaintiffs have acquired rights of passage across other lands prior to perfecting this appeal.
*984 Since we find no merit in defendants’ motion to dismiss, the primary question on appeal is whether the trial court correctly located the servitudes of passage. Finding the trial court did not locate the servitudes in conformity with our original opinions, we recast that portion of the judgment.
MOTION TO DISMISS
Attaching affidavits from various parties, defendants allege that both plaintiffs have found other routes to a public road and are no longer entitled to servi-tudes across defendants’ land. They move to dismiss the appeals or have both cases remanded for evidence on this issue of mootness. We deny defendants’ motion. We have previously determined that Watson was entitled to a conventional servitude across defendants’ land; we have also found Morgan entitled to a right of passage under Louisiana Revised Civil Code Articles 699, 700. Those determinations became final when the Supreme Court refused writs in both cases; they are binding on the parties here. Keller v. Thompson, 134 So.2d 395 (La.App. 3d Cir., 1961).
MERITS
In our prior opinions we found Watson had a 50-foot wide conventional servitude of passage across defendants’ property. We further decided this right of passage was intended to be over an existing road Watson had been using for a number of years. Since the road was not described it was our intention to remand the case in order to determine the exact description of this road to the extent that the existing road could be used, and to fix a further right of passage from that point to the northwest corner of the Morgan property.
In the Morgan case we found plaintiff was entitled to a servitude of passage over defendants’ property under Civil Code Articles 699 and 700. The only reason the location of Watson’s conventional servitude was considered in connection with the right of passage granted to Morgan was to ensure that the property would not be subject to servitudes in two separate locations.
In describing the servitude of passage, the lower court did not utilize the existing road to its fullest extent because, among other things, the road had been plowed and seeded, rendering its legal description unavailable. However, from our study of the record on remand, we are able to ascertain its location from aerial photographs and a government quadrangle map, which were introduced into evidence.
The trial court reduced the width of the servitude from fifty to forty feet, which was erroneous as to Watson since we had previously decided he was entitled to a fifty-foot conventional servitude of passage. Since Morgan is to use the same servitude as Watson, there is no necessity to reduce the width of Morgan’s servitude.
We find no error in that portion of the lower court judgment which assessed damages against Morgan in the sum of $1250 for his right of passage across defendants’ property.
Since the fixing of costs is within the sound discretion of the trial court, we likewise find no error in that portion of the judgment.
For the reasons assigned, that portion of the judgment locating and describing the servitudes of passage in both the Morgan and Watson cases is set aside and a consolidated judgment is rendered as follows:
It is ordered there be judgment in favor of plaintiffs, Eugene H. Watson, Sr., and Allen D. Morgan, and against defendants, Mrs. Ceola S. Scott, Mrs. Delphia B. Thomas, and Mrs. Vadna B. Culpepper, imposing a servitude of passage 50 feet wide across the land belonging to defendants, in favor of each plaintiff; the location of each right of passage being more particularly described as being 25 feet on each side of:
A point beginning where the center line of the road running south from Louisiana Highway 154 intersects the north boundary line of the Southeast Quarter (SE lA), Section 8, Township 15 North, Range 10 West, Bienville Parish, Louisiana; thence run south and east along an old roadbed *985 (visible on aerial photograph, plaintiff’s exhibit number 4, in District Court suit No. 21,518) to a point where the old roadbed or an extension thereof would intersect the east boundary line of the SE Vi of Section 8; from this point the right of passage shall extend south along the easternmost 50 feet of Section 8 to the southeast corner of Section 8; thence shall continue south along the easternmost 50 feet of Section 17, Township 15 North, Range 10 West, a distance of 50 feet.
It is further ordered that the judgment in the Morgan case (No. 13,285), as it relates to the assessment of damages of $1250, and as it relates to the fixing of expert witness fees and the assessment of costs, be affirmed.
It is further ordered that the judgment in the Watson case (No. 13,284), as it relates to costs, be affirmed.
It is further ordered that the costs of appeal be assessed against defendants.