520 So.2d 937 (1987)
Benjamin Franklin BOUSER, et vir, Plaintiffs-Appellees,
v.
W. Earl MORGAN, et al., Defendants-Appellants.
No. 86-1021.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1987.
*938 Gahagan & Gahagan, Marvin F. Gahagan, Natchitoches, for defendants-appellants.
Charles W. Seaman, Natchitoches, for plaintiffs-appellees.
Before GUIDRY, FORET and YELVERTON, JJ.
GUIDRY, Judge.
This matter was consolidated at the trial level with a suit entitled Andrew J. Hargis, et al versus W. Earl Morgan, et al, and remains so on appeal, the Hargis appeal bearing our docket No. 86-1022 520 So.2d 941. The suits present common issues of fact and law, all of which we will consider in this opinion but we will render a separate decree in the Hargis case.
Plaintiffs in these consolidated suits, alleging that their respective properties are enclosed estates, seek a right of passage, pursuant to La.C.C. art. 689 et seq., over property belonging to defendants to Louisiana Highway 6 which borders defendants' property on the north. Defendants resisted plaintiffs' demands on various grounds. The trial court rendered judgment in favor of plaintiffs awarding each a right of passage 30 feet in width over an existing road across defendants' property to Louisiana Highway 6 and awarded defendants judgment against plaintiffs in the amount of $1200.00. In his reasons for judgment, the trial court ordered payment of the sum of $600.00 by the plaintiffs in each suit however, apparently through inadvertent error, the formal judgment cast only the Hargis group for the entire sum of $1200.00. Further, neither the trial judge's written reasons nor the formal judgment made reference to the payment of costs. On appeal, neither plaintiffs nor defendants complain of these errors and/or omissions. Defendants suspensively appealed.

FACTS
Louisiana Highway 6 runs along the north boundary of the defendants' property, hereafter referred to as the Morgan property. The Hargis property lies south of the Morgan property and is contiguous thereto. The Bouser property lies south of the Hargis property. From time immemorial, the Hargis and Bouser properties enjoyed access to a public road located west of the Red River. However, sometime after 1972 the Red River Waterway District, pursuant to servitude arguments executed by plaintiffs or their ancestors in title and other property owners, undertook a project *939 diverting the channel of Red River for the purpose of improving, for the general good, the navigation and bank stabilization of the Red River. As a result of this project and specifically the rechannelization of the river, plaintiffs' properties have become enclosed, being surrounded by water on three sides, with access to a public road available only across the property of defendants. For some period of time after their properties became enclosed, plaintiffs and their tenants or lessees used an existing road across defendants' property, which road generally follows along the western and southern lines of the Morgan property. However, according to defendants, when they learned that plaintiffs were using the access road without permission and were allegedly damaging defendants' property, they were denied access. These suits followed.
Appellants initially contend that the trial court erred in granting plaintiffs a right of passage over their property because Bouser does not meet the "neighboring property" test of La.C.C. art. 689; and, the Bouser and Hargis estates became enclosed as a result of a voluntary act of their owners and therefore, defendants are not bound to furnish them a right of passage. We find merit in neither of these contentions.
The Bouser land is presently enclosed with no access to a public road. Defendants do not dispute this fact. The record reflects that Bouser's only access to the nearest public road, Louisiana Highway 6, lies through the Hargis property and the defendants' property. La.C.C. art. 689 grants to the owner of an estate that has no access to a public road the right to claim a right of passage over neighboring property to the nearest public road. Therefore, Bouser may claim a right of passage over both the Hargis and the Morgan properties since these lands lie between his property and the highway. Presumably, since the owners of the Hargis tract are not named as parties defendants in the Bouser suit, the Bousers enjoy passage across that property. In sum, the Bousers have the right to seek a legal servitude of passage across the Morgan property. The right of access granted an enclosed estate by La.C. C. art. 689 is not restricted to enclosed estates lying adjacent and contiguous to properties bordering public roads but rather, is granted to all enclosed estates over the one or more neighboring properties which may lie between the enclosed estate and the nearest public road.
As aforestated, alternatively, defendants urge that since the owners of the Hargis and Bouser estates voluntarily executed servitude agreements granting the Red River Waterway District the right to rechannel the Red River, defendants are not bound to furnish a passage to the Hargis and Bouser estates which are now enclosed.
La.C.C. art. 693 provides:
"If an estate becomes enclosed as a result of a voluntary act or omission of its owner, the neighbors are not bound to furnish a passage to him or his successors."
The record reflects that the servitude agreements in favor of the Red River Waterway District were executed by plaintiffs or their ancestors in title under threat of expropriation. It cannot be concluded that, under such circumstances, the Bouser and Hargis estates became enclosed as a result of a voluntary act or omission of their owners.
Defendants next urge that the trial court erred when it fixed the legal servitude of passage over an existing roadway traversing defendants' property. In this regard, defendants contend that the trial court should have fixed the passage along the route offered by them, i.e., along the east line of the Morgan property, as such route is the shortest and the least injurious.
The legal servitude established by the trial court's judgment generally follows along the southern and western boundaries of the Morgan property and is circuitous, as compared to the passageway along the eastern boundary offered by defendants. In fixing the location of the passageway as it did, the trial court reasoned as follows:
"The most seriously urged contention of the defendants is the placement of the *940 passageway. The defendants want the passageway to be located across the eastern end of their property from point `D' to point `C' as marked by the court on exhibit D-1. The plaintiffs want to exercise the right of passage from point `B' to point `A' as marked by the court on exhibit D-1. The law governing the placement of the passageway is set out as follows in Civil Code Article 692:
`The owner of the enclosed estate may not demand the right of passage anywhere he chooses. The passage generally shall be taken along the shortest route from the enclosed estate to the public road at the location least injurious to the intervening lands.' C.C. Art. 692.
In this case point `D' to point `C' is the shortest route but it crosses a low swampy area which would require the plaintiffs to expend $31,619.36 to build an all weather road. (see exhibits P-16, P-17 and P-18). From point `A' to point `B' is a longer distance but follows an existing road upon which the defendants have already granted a permanent servitude of passage. The permanent servitude of passage was granted to the Red River Waterway District (see exhibit P-6) so it would have access to the levee and other works constructed by the Corps of Engineers which works adjoin the lands of plaintiffs. In other words, the plaintiffs can use the exact same road which already exists and upon which the defendants have already burdened with a permanent servitude of passage in favor of Red River Waterway District. In addition, that same existing road is being used by the large dump trucks of K & M Construction Company which has a dirt-purchase contract with the defendants and weekly, or even daily, hauls dirt over said road. Since this road already exists, is regularly used by large trucks and levee machinery and is burdened by a permanent servitude of passage, it would clearly be the least injurious location for the plaintiffs to exercise their right of passage and there will be judgment herein fixing the right of passage over the existing road being used by the Red River Waterway District and K & M Construction Company...."
Appellants, although not disputing the trial court's factual findings, urge error on the basis that the route selected by the court is not the shortest route. We do not understand La.C.C. art. 692 to require the court in every instance, regardless of the circumstances present, to select the "shortest route" from the enclosed estate to the public road. As stated by our Supreme Court in Vermilion Parish School Board v. Broussard, 270 So.2d 523 (La.1972):
"In Rockholt v. Keaty, 256 La. 629, 237 So.2d 663 (1970), we recognized the importance of this servitude for the benefit not only of the landowner by permitting full utility of his land but also of the public by keeping valuable property in commerce. More important to this case, we acknowledged in conformity with the Code articles that the nature of the passage was to be governed according to the circumstances and as the exigencies of the case might require, and that the right of passage was to be to the nearest public road.
Article 700 clearly provides that the owner of the landlocked estate cannot choose from which of his neighbors' estates he will exact a right of passage, but that it "shall be" where the distance is the shortest from the enclosed land to the public road. The mandatory language of that article is modified by the term "generally" as an acknowledgment of certain exceptions, ..."
The route suggested by defendants is the shortest route to Highway 6, however, the record clearly reflects that this route, along the eastern boundary of the Morgan property, is low and marshy and portions thereof are inundated for several months each year. Clayton Webb, an engineer with T.L. James Construction Company, accepted by the court as an expert in the area of design, construction and cost analysis in the building of roads, testified that the construction of an all weather road through this area would cost $31,619.36. We conclude that, under such circumstances, the trial court did not err when it *941 awarded plaintiffs a right of passage over the existing road being used by the Red River Waterway District and K & M Construction Company. For a case involving similar facts and a similar conclusion see Morgan v. Culpepper, 324 So.2d 598 (La. App. 2d Cir.1975), writ denied, 326 So.2d 377, 378 (La.1976), appeal after remand, 349 So.2d 982 (La.App. 2d Cir.1977), writ denied, 351 So.2d 1205 (La.1977).
Defendants finally complain that the trial court's award of $600.00 to be exacted from the owner of each enclosed estate is inadequate. The trial judge has wide discretion in determining the amount of damages occasioned to the party over whose estate the right of passage is fixed. Under the facts disclosed by this record, we cannot say that the award is an abuse of discretion.
For these reasons, the judgment of the trial court is affirmed. Defendants are cast with all costs of this appeal.
AFFIRMED.