534 So.2d 35 (1988)
W.H. PEARSON, Plaintiff-Appellee,
v.
Francis O. THERIOT and Bernice Greathouse, Defendants-Appellants.
No. 87-894.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1988.
John F. DeRosier, Lake Charles, for plaintiff-appellee.
Jones, Jones & Alexander, Glenn W. Alexander, Cameron, for defendants-appellants.
Before DOMENGEAUX, LABORDE and KNOLL, JJ.
KNOLL, Judge.
Bernice Greathouse (hereafter Mrs. Greathouse) appeals the judgment of the trial court which granted W.H. Pearson (hereafter Pearson), the owner of an enclosed estate, a right of passage along the southern boundary of Mrs. Greathouse's lot and along the western boundary of the property of F.O. Theriot (hereafter Theriot). Theriot does not appeal.
On appeal Mrs. Greathouse contends that the trial court's location of the right of passage was erroneous because it was not situated at the shortest route from the enclosed estate to the public road, and it was not at the location least injurious to the intervening lands. We affirm.
Pearson owns the west half of the Southwest Quarter of Section 22, Township 12 South, Range 8 West, in Cameron Parish, and consists of approximately 80 acres. His land is completely enclosed without access to a public road. He seeks access to *36 Cameron Parish Road No. 424, known as McCain's Road, which is located north of his property. Lying between Pearson's property and McCain's Road is Theriot's 40 acre tract and Mrs. Greathouse's 100 × 300 feet lot. A canal, which tapers from 40 or 50 feet in width at the southern end of Pearson's property to 20 or 30 feet at Mrs. Greathouse's property, abuts Pearson's property to the west, and beyond the canal a private road extends northward to the end of McCain's Road through property owned by an individual not made a party to this suit. To the east of Pearson's tract is other property of Theriot, and to the south is marsh land owned by a corporation not made a party to this suit, Sweetlake Land and Oil Company.
The trial court ordered that the right of passage, 20 feet in width, would link the enclosed estate with McCain's Road by crossing Mrs. Greathouse's property near its southern boundary, a distance of approximately 100 feet, to the western boundary of Theriot's property. Then, the right of passage would turn south through Theriot's property, following the eastern bank of the canal, approximately 1,100 feet to Pearson's enclosed estate.
Mrs. Greathouse proposed two alternative routes, one was referred to as the eastern route (Tan's Road route), and the other the western route (McCain Road extension). Tan's Road, the nearest public road to the east, was located approximately one mile from the enclosed estate. McCain's Road extension utilized a private road west of and parallel to the canal on Pearson's property and would have been 100 feet shorter than the court mandated route.
The following codal articles are applicable to the issues presented:
Article 689.
"The owner of an estate that has no access to a public road may claim a right of passage over neighboring property to the nearest public road. He is bound to indemnify his neighbor for the damage he may occasion."
Article 690.
"The right of passage for the benefit of an enclosed estate shall be suitable for the kind of traffic that is reasonably necessary for the use of that estate."
Article 691.
"The owner of the enclosed estate may construct on the right of way the type of road or railroad reasonably necessary for the exercise of the servitude."
Article 692.
"The owner of the enclosed estate may not demand the right of passage anywhere he chooses. The passage generally shall be taken along the shortest route from the enclosed estate to the public road at the location least injurious to the intervening lands."
Mrs. Greathouse asserts that the trial court erred in not choosing the shortest route, i.e., the McCain Road extension, from Pearson's enclosed estate to McCain's Road, even though it entailed the construction of a $25,000 bridge by Pearson, and in failing to choose the route least injurious to her and Theriot.
Since the owner of the private section of McCain Road was not before the trial court, it was powerless to order the use of that route. Rockholt v. Keaty, 256 La. 629, 237 So.2d 663 (1970); Vermilion Parish School Board v. Broussard, 263 La. 1104, 270 So.2d 523 (1972). Nonetheless, since testimony was adduced at trial relative to all three routes, we shall address Mrs. Greathouse's objection in terms of whether the trial court was manifestly erroneous in rejecting the shortest route as generally mandated, and in allegedly failing to choose the least injurious route.
The term "generally" in LSA-C.C. Art. 692 is an acknowledgement that there are exceptions to the general rule, and it recognizes that the nature and location of the right of passage are governed by the circumstances of each case. Anderton v. Akin, 493 So.2d 795 (La.App. 2nd Cir.1986), writ denied, 497 So.2d 1014 (La.1986).
Furthermore, in Littlejohn v. Cox, 15 La.Ann. 67 (1860), at page 69, the Louisiana Supreme Court departed from the strict letter of the codal articles and applied *37 a balancing test for the location of the right of passage:
"In determining the place where the right of way shall be exercised, the matter is not left entirely at the caprice or option of the party compelled to grant the servitude. At the same time that due regard will be paid to his interests, and even to his convenience in the premises, the court will keep in view the rights which the law intends to secure to the opposite party. The road awarded must be such a one as will be serviceable, one, of which he may derive the contemplated advantage of a force [sic] expropriation. The defendants cannot exact that an extremely circuitous, impracticable and expensive route should be taken by the plaintiff, because it may happen to be less burdensome to the former."
See also Anderton, supra; Estopinal v. Storck's Estate, 44 So.2d 704 (La.App.Orl. 1950); Mercer v. Daws, 186 So. 877 (La. App. 2nd Cir.1939); and Bandelin v. Clark, 7 La.App. 64 (La.App. 1st Cir.1927).
We have carefully reviewed the jurisprudence and the record, and find that the learned trial judge's oral reasons for judgment, which we incorporate herein, properly disposed of the issues presented:
"The question is whether or not this particular defendant is required under the appropriate law to render the right of passage. The defense, of course, is that there are other more appropriate routes; and that's the question presented to the Court. The controlling article, 689, says that the right must be claimed to the nearest public road. The nearest point, geometrically speaking, would be a diagonal line running from the Pearson property to the end of the parish road which we refer to as McCain Road. But that, of course, is an impossible route, because it would be going through the longest part of a canal. Therefore, the next geometrically closest point would be to travel down the private extension of McCain Road to a point opposite plaintiff's property on the western side of the 40 foot canal. However, the Court must recognize that this is not feasible for several reasons. One, the obstacle in getting whatever permits are necessary to cross the canal. There is no guarantee that permission may be obtained from the appropriate authority. Two, the prohibitive expense of a bridge [i.e., approximately $25,000]. Three, the related fact that the bridge would have to be made in such a method not to interfere with boat traffic on the canal and maintained with that in mind. That leaves only two other possibilities for passage. There is the entry over the Greathouse property and then south through F.O. Theriot's property, or the entry from Tan's Road, traversing Theriot's property in a southwesterly direction. For purpose of clarity, the closest public road on this latter route [the Tan's Road route] is one of the subdivision roads referred to as that one which ends in front of Mr. Clyde Oliver's place. In making the selection, the traversal of the Greathouse property would seem to be mandated by Civil Code Article 689, because it's simply closer in distance. But I must consider whether or not the injury caused, the damage involved, would offset the difference in distance. I take note of this; both routes involve crossing some property belonging to F.O. Theriot. It is his opinion that it would be least injurious to him to have the traversal follow along the side of the canal bank, as opposed to a route along an old road bed which was used at one time to reach a camp ... He feels that his property will not be severed if a right of passage follows along his boundary, as opposed to a roughly diagonal path across the middle. Next, the distance involved. The Court has not been supplied with the exact figures, and a more exact measurement could be made from some of the documentation we have. But, roughly speaking, about 1100 feet of Theriot's property would be crossed by going south from McCain Road through the Greathouse property, as opposed to somewhere between three-quarters of a mile to somewhat more than that by taking the eastern route from Tan's Road. In both instances the Theriot property would have to be ... prepared *38 to make it an all-weather surface. Shell or an aggregate similar to shell would be suggested by economic considerations. The placing of a culvert across a ditch would be required to cross the Greathouse property, but apparently some culverting would be required to use the other route as well. I reviewed Mr. Demosthene LaBove's testimony, and he points out that the route from Tan's Road cannot be used by a vehicle when it rains. Mr. Simeon Duhon, a past resident, often had difficulty and had to be pulled out on occasion by the witness. So culverts for drainage and aggregate for the surface would be required to make the route passable. The Court recognizes the injury to the Greathouse property in that for the width of the right of way full use to the defendants will be limited. However, it is not a total loss, and whatever their use of that right of way would be would simply be limited so as not to interfere with the right of passage. When all is considered, the appropriate article, 689, directs that the right of passage should be granted as prayed for by the plaintiff.... The Court will direct that the right of passage be on the southern end of the Greathouse property, or the closest to that point along the southern end which is least injurious to the use of the balance of the Greathouse property; that it be twenty feet in width; that an adequate culvert system be installed upon the so-called ditch so that a minimum amount of interference with water flow will be effected; that in the event the Greathouse interests require a gate for cattle control on that boundary line that the enclosed owner will furnish a gate and some sort of security relating to that gate; and that the right of way continue south on the Theriot property following the spoil bank of the canal wherever possible; and this defendant too is given the benefit of a gate with necessary security."
The record indicates that in making its decision not to choose the shortest route, the McCain Road extension, the trial court carefully balanced the advantages and disadvantages of the three proposed routes. From our thorough review of the evidence, we can not say that the trial court was clearly wrong in rejecting the Tan's Road route as being too long and the McCain Road extension as too expensive.
Likewise, we can not say in its route selection, that the trial court did not choose the least injurious route. Theriot's property would have been severed if the Tan's Road route had been chosen, and the integrity and usefulness of the canal would have been greatly impaired had the trial court selected the McCain Road extension. It is obvious that the trial court considered those elements, as well as Mrs. Greathouse's testimony about the possible future use of her lot, in making its determination.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Mrs. Greathouse.
AFFIRMED.