GUIDRY, Judge.
Plaintiffs, Errol LeBlanc, Janice LeBlanc and Barbara LeBlanc, seek a right of passage pursuant to La.C.C. art. 694 or, in the alternative, La.C.C. art. 689, to the nearest public road over property belonging to the defendants. The plaintiffs are part of a group of co-owners in indivisión of a 72 arpent tract of marsh land located in Vermilion Parish which they allege is an enclosed estate entitled to a right of passage. The trial court granted plaintiffs’ demand and allowed them a right of passage under La.C.C. art. 689, pretermitting for future proceedings the issue of indemnity for damages to defendants’ property which plaintiffs are required to pay under the provisions of that article. From this ruling, defendants appeal. Plaintiffs answered the appeal seeking modification of that part of the trial court’s judgment which assessed plaintiffs with all costs of the proceedings.
FACTS
The 72 arpent tract of marsh land was at one time a part of a much larger tract owned by Charles Dugas and Edmonia Thi-bodeaux. The couple had five children, Eli, Edmond, Elia, Emma and Eva. On October 2, 1929, following the death of their parents, these children executed an act of voluntary partition (hereafter sometimes referred to as “the partition”) of the high land portion of the large tract of land formerly owned by their parents. The 72 arpent tract of marsh land was not partitioned and it continued to be owned in indivisión by the five children. The partition reserved to all parties to the act a right of passage 20 feet in width from the 72 arpent tract, still held in indivisión, to the public road. This right of passage was granted over the property received by Eva and Emma Dugas in the partition.
The parties to this lawsuit are the successors-in-title to the property of the five children of Charles Dugas and Edmonia Thibo-deaux. Besides the plaintiffs, the 72 ar-pent tract is presently owned in indivisión by over 60 descendants of the original owners. In their petition, plaintiffs alleged *1215 that one of the defendants, Lloyd Thibo-deaux, erected a gate across the servitude of passage disturbing plaintiffs’ possession and right of use of this right of passage. They sought to enjoin Thibodeaux from preventing their exercise of the right of passage. Defendants filed an exception of prescription, claiming that the conventional right of passage reserved in the 1929 partition had been lost through non-use. Plaintiffs then amended their petition, claiming that even if the conventional right of passage was lost through the prescription of non-use, they were still entitled to a right of passage over the defendants’ land under La.C.C. art. 689 because the 72 arpent tract was an enclosed estate.
On March 13, 1989, the trial court rendered judgment sustaining defendants’ exception of prescription ruling, in effect, that the right of passage reserved in the 1929 act of partition was extinguished by the failure of plaintiffs’ and their ancestors-in-title to use the right of passage. This judgment was not appealed and is now final. Plaintiffs in this appeal do not question the correctness or the finality of that judgment.
LAW

Are Plaintiffs Entitled to a Right of Passage Under La.C.C. art. 694?

La.C.C. art. 694 provides:
“When in the case of partition, or a voluntary alienation of an estate or of a part thereof, property alienated or partitioned becomes enclosed, passage shall be furnished gratuitously by the owner of the land on which the passage was previously exercised, even if it is not the shortest route to the public road, and even if the act of alienation or partition does not mention a servitude of passage.”
Plaintiffs contend on appeal that a gratuitous passage under this article was never established since there is no evidence in the record that the servitude created in the 1929 partition complied with the requirements of this article. Additionally, they contend that they are now entitled to an Article 694 servitude since the property became enclosed as a result of the partition. We disagree.
Question exists concerning whether, under the particular facts of this case, La.C.C. art. 694 would apply had no right of passage been reserved in the partition to the co-owners of the 72 arpent tract. This article contemplates a situation in which property is partitioned or alienated and, as a result of the partition or alienation, one of the tracts acquired by a party becomes enclosed. “In all eases, the right to demand a gratuitous passage is accorded to one who acquires an enclosed estate as a result of a voluntary alienation or partition of property”. A. Yiannopoulos, Predial Servitudes § 99, at 294 in 4 Louisiana Civil Law Treatise (1983). Clearly, plaintiffs’ ancestors-in-title did not “acquire an enclosed estate” as a result of the act of partition. The five children continued to own the 72 arpent tract in indivisión, maintaining the status quo as to that tract. However, in any event, the act of partition did not create an enclosed estate since the 72 arpent tract had access to the public road by virtue of the conventional right of passage reserved in the partition. An enclosed estate is one which has no access to a public road. Since the right of passage allowed ingress and egress to the 72 arpent tract to all parties to the agreement, the tract was not enclosed as a result of the act of partition.
Accordingly, plaintiffs are not now entitled to a gratuitous right of passage pursuant to La.C.C. art. 694.

Are Plaintiffs Entitled to a Right of Passage Under La.C.C. art. 689?

The trial court granted plaintiffs a right of passage based on La.C.C. art. 689 which provides:
“The owner of an estate that has no access to a public road may claim a right of passage over neighboring property to the nearest public road. He is bound to indemnify his neighbor for the damage he may occasion.”
The trial court reasoned that the 72 arpent tract had been enclosed since 1929 because the conventional servitude was never uti-
*1216 lized. Furthermore, the judge explained that plaintiffs’ right to claim an Article 689 servitude, being a legal servitude, is imprescriptible. The court, citing Rockholt v. Keaty, 256 La. 629, 237 So.2d 663 (1970), then applied an equitable balance of interests test and determined that plaintiffs were entitled to a right of passage under La.C.C. art. 689-
On appeal, defendants contend the trial court erred in granting the plaintiffs a right of passage. In support of their argument, they cite La.C.C. art. 693 which provides:
“If an estate becomes enclosed as a result of a voluntary act or omission of its owner, the neighbors are not bound to furnish a passage to him or his successors.”
Defendants assert that the 72 arpent tract became enclosed when the parties, who were granted the conventional right of passage in the partition, lost that right of passage by ten year prescription for non-use (La.C.C. art. 753). The non-use, they contend, was a “voluntary omission” within the meaning and intendment of La.C.C. art. 693 and, as a result, they are not obligated to furnish plaintiffs with a right of passage. We agree and reverse.
The trial court erred when it reasoned that the estate had been enclosed since 1929 because the conventional right of passage was never exercised. On the contrary, the fact that plaintiffs’ ancestors-in-title reserved to themselves a right of passage in the 1929 partition leads to the necessary conclusion that the 72 arpent tract has not been enclosed since 1929. The estate became enclosed when the conventional right of passage to the public road was lost for non-use. Plaintiffs-appel-lees do not question correctness or finality of the trial court’s judgment which declared the 1929 servitude of passage extinguished by reason of non-use.
The singular issue presented on appeal is whether the plaintiffs and their ancestors loss of the right of passage through non-use is a “voluntary act or omission” within the meaning and intendment of La.C.C. art. 693 such that plaintiffs are now precluded from claiming a right of passage under La.C.C. art. 689.
In Bouser v. Morgan, 520 So.2d 937 (La. App. 3rd Cir.1987), plaintiff’s property became enclosed as a result of the rechanneli-zation of the Red River. Bouser had granted a servitude to the Red River Waterway District, which proceeded to surround his property on three sides with the new channel and cut off his access to Highway 6. The only possible access to the highway (the nearest public road) was over the defendant, Morgan’s land. As in the present case, Morgan urged that Bouser should be precluded from acquiring an Article 689 legal right of passage since the enclosure of Bouser’s property was the result of Bouser’s own “voluntary act”, e.g., the granting of the servitude to the Red River Waterway District. Morgan argued that, under La.C.C. art. 693, this “voluntary act” of the estate owner relieved Morgan from having to furnish passage to Bouser. In Bouser, we concluded that, since Bouser granted the waterway a servitude under threat of expropriation from the district, he did not commit a “voluntary act or omission” which, under Article 693, would preclude the right to an Article 689 right of passage.
In Salvex, Inc. v. Lewis, 546 So.2d 1309 (La.App. 3rd Cir.1989), mineral lessees, Standard Oil Company and Sun Oil Company, partially released leased property as they were required to do by state law. The release of the leases enclosed the property. Salvex, Inc., as the successor-in-interest to Standard and Sun, sought a right of passage over defendants’ property to the nearest public road. Defendants argued that, under La.C.C. art. 693, supra, they were not required to furnish a right of way since the partial release of the leases amounted to a “voluntary act” on the part of Standard and Sun. This court did not agree, holding instead that, since the releases were required under Louisiana law that such act could not be properly characterized as a voluntary act.
Bouser and Salvex are clearly distinguishable from the instant case. Plaintiffs and their ancestors were not constrained *1217 from using the 1929 conventional servitude of passage. Rather, their failure to preserve their right of passage by use thereof was purely voluntary. We determine that ten years of non-use of the conventional right of passage on the part of the plaintiffs and their ancestors-in-title is clearly a “voluntary omission” within the intendment of La.C.C. art. 693. When the conventional right of passage was voluntarily lost through non-use, the estate became enclosed. Accordingly, the defendants are not bound to furnish a passage to the plaintiffs.
We recognize that, on occasion, our courts have applied an equitable balance of interests test in cases dealing with enclosed estates. However, given the particular facts of this case, we conclude that equity should not be considered where there is positive law to the contrary. La.C.C. art. 4 provides: “When no rule for a particular situation can be derived from legislation or custom, the court is bound to proceed according to equity”. In this situation, it is clear that the legislature has promulgated laws directly applicable to the facts of this case. As such, the trial court was bound by the tenets of the Civil Code to apply the law as clearly written. While examining the policy behind a promulgated law may at times be appropriate, resort to equity as a substitution for positive law is prohibited. In this respect, the trial court erred.
For the above and foregoing reasons, the judgment of the trial court is reversed. Plaintiffs’ suit is dismissed and all costs of these proceedings both at the trial level and on appeal are assessed against plaintiffs.
REVERSED AND RENDERED.
MARCANTEL, J. Pro Tem., concurs and assigns written reasons.
CULPEPPER, J. Pro Tem., concurs for the reasons assigned by MARCANTEL, J. Pro Tem., in his concurring opinion.