636 So.2d 928 (1994)
Charles R. TESSIER, Jr., et al.
v.
MEDICAL CENTER OF BATON ROUGE, INC.
No. 93 CA 0075.
Court of Appeal of Louisiana, First Circuit.
March 11, 1994.
Rehearing Denied May 18, 1994.
*929 Michael C. Smith, M. Glenn Hawkins, Baton Rouge, for plaintiff-appellee.
Anthony J. Russo, Jr., Baton Rouge, for defendant-appellant.
Before WATKINS, SHORTESS and FOGG, JJ.
WATKINS, Judge.
Plaintiffs, Charles R. Tessier, Jr., Patrick Tessier, and Charles Tessier, filed suit against Medical Center of Baton Rouge, Inc. (Medical Center), seeking a right of passage across the defendant's land, specifically the right to use "Medical Center Drive." Although the trial court found for a fact that Medical Center Drive is a private road, the court rendered judgment in favor of the plaintiffs granting the right of passage. Agreeing with the result reached by the trial court, we affirm.
On appeal Medical Center avers that the trial court erred in its application of the Louisiana Civil Code articles regarding rights of passage and their location; it contends that the route to a public road chosen by the court was not the shortest route available. Specifically, the defendant complains that the trial court located the right of passage after measuring from the end of a servitude, or right of access, which the plaintiffs were granted by intervening land owners. The defendant argues that the route should have been measured not from the edge of the servitude, but from the edge of the enclosed land.
It is unnecessary for us to decide whether there is merit to the above argument of defendant, for there is a problem with the only other route suggested by the parties, which forecloses consideration of the alternate route and mandates selection of the Medical Center Drive route. Mr. Patrick Tessier testified that a 25-foot bayou crosses the alternate route, making the alternate route impassable absent the construction of a bridge.
Similar situations have been considered by various courts in this state. In Vermilion Parish School Board. v. Broussard, 263 La. 1104, 1109, 270 So.2d 523, 524-525 (1972), the Louisiana Supreme Court, in considering a right of passage, stated:
In Rockholt v. Keaty, 256 La. 629, 237 So.2d 663 (1970), we recognized the importance of this servitude for the benefit not only of the landowner by permitting full utility of his land, but also of the public by keeping valuable property in commerce.... [W]e acknowledged in conformity with the Code articles that the nature of the passage was to be governed according to the circumstances and as the exigencies of the case might require, and that the right of passage was to be to the nearest public road.
... [T]he owner of the landlocked estate cannot choose from which of his neighbors' estates he will exact a right of passage, but that it "shall be" where the distance is the shortest from the enclosed land to the public road. The mandatory language of that article is modified by the term "generally" as an acknowledgment of certain exceptions....
In Morgan v. Culpepper, 324 So.2d 598 (La.App. 2d Cir.1975), writs denied, 326 So.2d 377 (La.1976), the court recognized an exception; the route through defendants' property was not the shortest distance to the public road, but the alternate route contained a low-lying area and was impassable during part of the year due to flooding. The court stated, "This fact brings this case within the Supreme Court's `certain exceptions' to the general rule that the passage shall be taken on the side where the distance is shortest to the public road." 324 So.2d at 605.
Likewise, in Bouser v. Morgan, 520 So.2d 937 (La.App. 3d Cir.1987), the shortest route was rejected because it was through a swampy area where construction of an all-weather road would have been too expensive. In Pearson v. Theriot, 534 So.2d 35 (La.App. 3d Cir.1988), the court held that a proposed right of passage was not feasible because of the prohibitive expense of construction of a bridge.
In the instant case the disadvantage of using Medical Center Drive, mainly the increased traffic, does not balance out the obstacle *930 of the bayou located across the other route. See Pearson v. Theriot, supra.
Finding no merit to any of appellant's arguments in light of the nature of the alternate route, we affirm the judgment of the trial court and assess appellant with costs of this appeal.
AFFIRMED.
FOGG, J., dissents with reasons.
FOGG, Judge, dissenting.
Pursuant to La.C.C. art. 692, a right of passage is due an enclosed estate only when it is shown that the passage sought is generally the shortest and least injurious route. The evidence presented by the plaintiffs is not adequate to carry this burden of proof. Plaintiff's evidence compares two possible routesthe one they want to use and one alternate route. A comparison of two routes could, at most, show that one of the two routes is less injurious that the other and is, therefore, insufficient to reach the conclusion that one would be the least injurious route available to the enclosed estate.
For these reasons, I respectfully dissent.